NEDA N. DAL CIELO, Bar No. 161982
SUZANNE R. NESTOR, Bar No. 217984
LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street, 14th Floor
San Jose, CA 95113.2303
Telephone:   408.998.4150

Attorneys for Defendant
DISH NETWORK CALIFORNIA SERVICE CORPORATION,
A Colorado Corporation, (sued erroneously herein as
"ECHOSTAR, DBA DISH NETWORK)

E-FILING FILED

2007 NOV -5 P 3: 20

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

Fee Paid
NP
(5)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JOHN ALLIEU,

    Plaintiff,

v.

ECHOSTAR dba DISH NETWORK A
Colorado Corporation, and DOES 1
through 50, inclusive,

    Defendants.

Case No. C07 05609 HRL

NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. § 1441(B)
(DIVERSITY)

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant DISH NETWORK CALIFORNIA SERVICE CORPORATION, A Colorado Corporation, (sued erroneously herein as "ECHOSTAR, DBA DISH NETWORK) (hereafter "Defendant"), hereby removes to this Court the state court action described below:

1.    On or about September 4, 2007, a civil action was commenced in the Superior Court of the State of California in and for the County of Santa Clara, entitled *John Allieu v. Echostar dba DISH Network, A Colorado Corporation, and DOES 1 through 50, inclusive*, as case number 107CV093694, a copy of which is attached hereto as Exhibit "A."

2.    On or about October 5, 2007, Plaintiff attempted to serve Defendant by delivering a copy of the Complaint to a manager. At the time of the attempted service, the manager

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
Fourteenth Floor
San Jose, CA 95113.2303
408.998.4150

(No. )   NOTICE OF REMOVAL OF ACTION PURSUANT
TO 28 U.S.C. § 1441(B) (DIVERSITY)

informed the process server that he was not Defendant's registered agent and therefore was not authorized to accept service on behalf of the company, at which time the process server threw the papers at the manager at left. Notwithstanding Plaintiff's improper service, this Notice of Removal is being filed within thirty days of that date, as required by 28 U.S.C. § 1446(b).

3. Defendant filed a General Denial and Affirmative Defenses to Plaintiff's Complaint with the Santa Clara County Superior Court on November 5, 2007. A copy of Defendant's General Denial and Affirmative Defenses is attached hereto as Exhibit "B." This document, together with Exhibit A, represents the entire state court file in this matter.

4. **Jurisdiction**: This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(b). Specifically, this is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, computed on the following basis:

   a. The Complaint filed by Plaintiff alleges wrongful termination in violation of public policy and discrimination. Plaintiff is seeking general damages, punitive damages, attorneys fees and costs of the suit.

   b. According to both the express language and a reasonable reading of the Complaint, Plaintiff's demand for damages is well in excess of $75,000.

5. Defendants are informed and believe that Plaintiff was, and still is, a citizen of the state of California.

6. Defendant, at the time of the filing of this action, was, and still is, a corporation incorporated under the laws of the state of Nevada, and has its principal place of business in the state of Colorado. Although Defendant is doing business in the State of California, California is neither the principal place of business nor the state of incorporation and therefore Defendant's citizenship is not in California. 28 U.S.C. § 1332(a).

7. To Defendant's knowledge there are no Doe defendants. However, assuming the existence of any, they are and would be fictitious defendants and are not parties to this action. Unnamed defendants sued as Does also are not required to join in a removal petition, and their

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
Fourteenth Floor
San Jose, CA 95113.2303
408.998.4150

NOTICE OF REMOVAL OF ACTION (No. )    2.    NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441(B) (DIVERSITY)

1  citizenship is disregarded for purposes of removal. 28 U.S.C. § 1441(a); *Fristos v. Reynolds Metal Company*, 615 F.2d 1209, 1213 (9th Cir. 1980).

8. **Intradistrict Assignment**: Pursuant to 28 U.S.C. § 1441(a) and Northern District Local Rules 3-2(c) and (e), this matter is properly assigned to the San Jose Division because the actions that allegedly give rise to Defendant's liability occurred in Santa Clara County.

WHEREFORE, Defendant now prays that the above action now pending against Defendant in the Superior Court for the State of California, County of Santa Clara, Case No. 1-07-CV-093694, be removed therefrom to this Court.

Dated: November 5, 2007

*[signature]*

NEDA N. DAL CIELO
SUZANNE R. NESTOR
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
DISH NETWORK CALIFORNIA SERVICE CORPORATION, A Colorado Corporation, (sued erroneously herein as "ECHOSTAR, DBA DISH NETWORK)

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
Fourteenth Floor
San Jose, CA 95113.2303
408.998.4150

NOTICE OF REMOVAL OF ACTION (No. )    3.    NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441(B) (DIVERSITY)