PLD-050

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | TELEPHONE NO. | FOR COURT USE ONLY |
|---|---|---|
| Neda N. Dal Cielo (SBN 161982) / Suzanne Nestor (217984)<br>Littler Mendelson<br>50 West San Fernado Street, 14th Floor<br>San Jose, CA 95113-2303 | 408.998.4150 | FILED<br>2007 NOV -5  AM 11: 29<br>CHIEF EXECUTIVE/CLERK<br>SUPERIOR COURT OF CA<br>COUNTY OF SANTA CLARA<br>BY_____ DEPUTY<br>L. QUACH-MARCELLANA |
| ATTORNEY FOR (Name): Defendant, Dish Network California Service Corporation (sued erroneously as Echostar, dba Dish Network) | | |

NAME OF COURT: Santa Clara County Superior Court
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS: 191 N. First Street
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME:

PLAINTIFF: John Allieu

DEFENDANT: Echostar, dba Dish Network

**GENERAL DENIAL**

CASE NUMBER: 1-07-CV-093694

---

You MUST use this form for your general denial if the amount asked for in the complaint or the value of the property involved is $1000 or less.

You MAY use this form if:
1. The complaint is not verified, OR
2. The complaint is verified, and the action is subject to the economic litigation procedures of the municipal and justice courts, EXCEPT

You MAY NOT use this form if the complaint is verified and involves a claim for more than $1000 that has been assigned to a third party for collection.

(See Code of Civil Procedure sections 90-100, 431.30, and 431.40).

---

1. DEFENDANT (name): Dish Network California Service Corporation (sued erroneously as Echostar, dba Dish Network) generally denies each and every allegation of plaintiff's complaint.

2. ☒ DEFENDANT states the following FACTS as separate affirmative defenses to plaintiff's complaint (attach additional pages if necessary):
   See attached Affirmative Defenses.

Date: November 5, 2007

Neda N. Dal Cielo
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF DEFENDANT OR ATTORNEY)

If you have a claim for damages or other relief against the plaintiff, the law may require you to state your claim in a special pleading called a cross-complaint or you may lose your claim. (See Code of Civil Procedure sections 426.10–426.40.)

The original of this General Denial must be filed with the clerk of this court with proof that a copy was served on each plaintiff's attorney and on each plaintiff not represented by an attorney. (See the other side for a proof of service.)

Form Adopted for Mandatory Use
Judicial Council of California
PLD-050 [Rev. January 1, 2007]

**GENERAL DENIAL**

Page 1 of 2
Code Civ. Procedure, §§ 431.30, 431.40
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

## AFFIRMATIVE DEFENSES

*JOHN ALLIEU v. ECHOSTAR dba DISH NETWORK SERVICE CORPORATION, a Colorado Corporation; and DOES 1-50, inclusive*

### SANTA CLARA COUNTY SUPERIOR COURT
### CASE NO. 1-07-CV-093694

Defendant DISH NETWORK CALIFORNIA SERVICE CORPORATION, a Colorado Corporation, (sued erroneously herein as "ECHOSTAR, DBA DISH NETWORK) ("Defendant") states the following facts as separate affirmative defenses to Plaintiff's Complaint:

1. AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint fails to state facts sufficient to constitute any cause of action against Defendant.

2. AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's claims are barred by the applicable statute of limitations, including but not limited to California Government Code §§ 12960 and 12965, and California Code of Civil Procedure sections 338 and 340.

3. AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff failed to exhaust his contractual and/or administrative remedies, the exhaustion of which is a condition precedent to the maintenance of this action.

4. AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant is informed and believes and on that basis alleges that Plaintiff is barred by the doctrine of unclean hands from pursuing each and every cause of action in the Complaint.

5. AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that the allegations contained in the Complaint fail to state facts sufficient to entitle Plaintiff to recover any attorneys' fees.

6. AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that any and all employment decisions made with regard to Plaintiff were for legitimate, nondiscriminatory, and nonretaliatory business reasons and were not motivated by Plaintiff's alleged disability, alleged work-related injury, race or any other alleged protected characteristics or

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose CA 95113 2303
408 998 4150

Firmwide:83504426.1 049145.1005

Case No. 1-07-CV-093694

AFFIRMATIVE DEFENSES

activities.

7. AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that its alleged conduct was privileged, justified, and consented to by Plaintiff.

8. AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that each and every act done by Defendant was privileged as a good faith assertion of Defendant's legal rights.

9. AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's reliance, if any, on statements made by Defendant, if any, were not justified.

10. AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that the conduct complained of in Plaintiff's Complaint does not amount to extreme and outrageous conduct sufficient to cause Plaintiff any injury.

11. AS AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff is not a qualified individual with a disability and Plaintiff is not entitled to the protection of state and/or federal anti-discrimination laws.

12. AS A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant is informed and believes and on that basis alleges that Plaintiff has failed to reasonably mitigate his damages, if any, as required by law.

13. AS A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint fails to state facts sufficient to constitute a cause of action upon which punitive damages may be sought pursuant to California Civil Code section 3294.

14. AS A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that at all times relevant, Defendant promulgated an anti-discrimination policy and complaint procedure which was communicated to Plaintiff, and Defendant exercised reasonable care to prevent and correct promptly any inappropriate conduct. Plaintiff unreasonably failed to take advantage of the established complaint procedures, failed to take advantage of other preventative or corrective opportunities provided by Defendant, and otherwise failed to avoid harm.

15. AS A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that this Court lacks jurisdiction over the subject matter of the Complaint and each

Firmwide:83504426.1 049145.1005

2.

Case No. 1-07-CV-093694

AFFIRMATIVE DEFENSES

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

purported cause of action therein, as Plaintiff is contractually obligated to submit such disputes to final and binding arbitration.

16. AS A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that this court lacks jurisdiction over the subject matter of this action as Plaintiff is contractually obligated to submit his claims to binding arbitration pursuant to California Code of Civil Procedure section 1281.2.

17. AS A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that this court lacks jurisdiction over the subject matter of this action as Plaintiff is contractually obligated to submit his claims to binding arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*

18. AS AN EIGHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff has failed to exhaust his arbitration remedies, which precludes him from pursuing the instant lawsuit.

19. AS A NINETEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant is informed and believes and on that basis alleges that Plaintiff is estopped by reason of his conduct, acts or omissions from recovering against Defendant on any cause of action alleged in his Complaint.

20. AS A TWENTIETH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that any and all injuries and damages allegedly caused by Defendant, if any, were incurred as a direct and proximate result of Plaintiff's own actions and/or inactions.

21. AS A TWENTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that this court lacks jurisdiction of this matter, as Plaintiff's claim for emotional distress, allegedly arising out of and in the course and scope of his employment with Defendant and proximately caused by his employment, is barred by the exclusive remedy provision of the California Workers' Compensation Act, California Labor Code sections 3200, *et. seq.*

22. AS A TWENTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that to the extent during the course of this litigation Defendant acquires any evidence of wrongdoing by Plaintiff and the wrongdoing would have materially affected the terms

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose CA 95113 2303
408 998 4150

and conditions of Plaintiff's employment or would have resulted in Plaintiff either being demoted, disciplined, or terminated, such after-acquired evidence shall bar Plaintiff's claim on liability or damages and shall reduce such claim or damages as provided by law.

Defendant has not yet completed a thorough investigation and study or completed discovery of all facts and circumstances of the subject matter of the Complaint and, accordingly, reserves the right to amend, modify, revise or supplement its Answer, and to plead such further defenses and take such further actions as it deems proper and necessary in its defense upon completion of said investigation and study.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by his Complaint;
2. That Plaintiff's demand for injunctive relief be denied;
3. That Plaintiff's Complaint be dismissed in its entirety with prejudice;
4. That Plaintiff be ordered to pay Defendant's fees and costs of suit incurred in defending this action; and
5. For such other and further relief as the Court may deem just and proper.

Dated: November 5, 2007

NEDA N. DAL CIELO
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
DISH NETWORK CALIFORNIA SERVICE CORPORATION, a Colorado Corporation, (sued erroneously herein as "ECHOSTAR, DBA DISH NETWORK)

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

Firmwide:83504426.1 049145.1005                    4.                    Case No. 1-07-CV-093694
AFFIRMATIVE DEFENSES

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 50 West San Fernando Street, 14th Floor, San Jose, California 95113.2303. On November 5, 2007, I served the within document(s):

## GENERAL DENIAL AND AFFIRMATIVE DEFENSES

☐ by facsimile transmission at or about _____ on that date. This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number 408.288.5686. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

☒ by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at San Jose, California addressed as set forth below.

Frank E. Mayo
Law Office of Frank E. Mayo
480 San Antonio Road, Suite 230
Mountain View, CA 94040

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on November 5, 2007, at San Jose, California.

_Suzanne Barnes_
Suzanne Barnes

Firmwide:83519832.1 049145.1005