NEDA N. DAL CIELO, Bar No. 161982
SUZANNE R. NESTOR, Bar No. 217984
LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street, 15th Floor
San Jose, CA  95113.2303
Telephone:     408.998.4150

Attorneys for Defendant
DISH NETWORK CALIFORNIA SERVICE CORPORATION,
A Colorado Corporation, (sued erroneously herein as
"ECHOSTAR, DBA DISH NETWORK)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN ALLIEU,<br><br>              Plaintiff,<br><br>       v.<br><br>ECHOSTAR dba DISH NETWORK A Colorado Corporation, and DOES 1 through 50, inclusive,<br><br>              Defendants. | Case No. C 07-05609 JW<br><br>**DEFENDANT DISH NETWORK CALIFORNIA SERVICE CORPORATION'S CASE MANAGEMENT CONFERENCE STATEMENT[1] AND PROPOSED ORDER** |

Defendant DISH Network California Service Corporation (erroneously sued herein as "Echostar dba DISH Network") herby submits this Case Management Statement and Proposed Order and requests the Court to adopt it as its Case Management Order in this case.

**DESCRIPTION OF THE CASE**

**1.     A brief description of the events underlying the action:**

Plaintiff, John Allieu ("Allieu") began his employment with Defendant, DISH Network California Service Corporation ("DISH Network"), a Colorado Corporation, (sued

---

[1] Per the Court's Order, Defendant prepared the instant case management conference statement as a joint statement for the parties to execute. Despite Defendant's efforts to meet and confer on this issue, Plaintiffs' counsel failed to respond and has not signed or proposed any revisions. Thus, Defendant is filing it's own statement for the Court's review prior to the CMC scheduled for March 3, 2008 at 10:00 a.m.

DEFTS' CASE MGMT CONF. STATEMENT     1.     Case No. C 07-05609 JW
AND PROPOSED ORDER (C 07-05609 JW)

erroneously herein as "Echostar, dba DISH Network), in or about August 2002 as a Field Service Specialist I. On or about December 18, 2002, Allieu fell off of a ladder while working and bruised his right knee and shin. After a four-day absence, Allieu was returned to work with no restrictions on December 23, 2002. In September 2003, Allieu was promoted to Field Service Specialist II. In May 2004, he was again promoted, this time to Field Service Specialist III.

On or about September 16, 2005, Allieu slipped on a ladder and sprained his wrist. Thereafter, he was accommodated by being placed on modified duty and he was subsequently returned to work with no restrictions on December 15, 2005. In 2006, Allieu received three separate warnings relating to violations of DISH Network's attendance policy, and he received a fourth attendance policy violation warning in March 2007.

Then, on May 3, 2007, Allieu again fell off of a ladder while working and injured his left elbow, back and left knee. He was excused from work for several days, then returned to work with restrictions limiting him to desk work. DISH Network accommodated his restrictions, and Allieu was thereafter placed on a light duty schedule in accordance with his work restrictions.

On July 12, 2007, Allieu did not show for work as expected. Although a review of his time card showed that he clocked in at 7:23 a.m, he could not be located by anyone at DISH Network. Allieu arrived to work some time after 10:00 a.m. and completed and signed a time card for the week indicating a full eight (8) hours work for July 12, 2007. Allieu was placed on a three (3) day suspension while the matter was investigated. During DISH Network's investigation, the company learned that Allieu had telephoned a co-worker, John Gibson, at approximately 7:15 a.m. on July 12, 2007, and asked Mr. Gibson to punch Allieu in for the day. Mr. Gibson did as Allieu requested.

It is a violation of company policy for any employee to falsify timecards or sheets or attempt to sign or punch a timecard or sheet other than one's own. Based on its investigation, DISH Network concluded that Allieu violated Company policy by having Mr. Gibson punch in for him and by subsequently completing and signing a time card suggesting he worked a full shift, when he had not. As such, DISH Network terminated Allieu's employment. Allieu was still

working modified duty at the time of his termination.

On or about September 4, 2007, Plaintiff filed a Complaint in the Santa Clara County Superior Court asserting claims for discrimination and wrongful termination in violation of California Labor Code section 132a. On or about November 5, 2007, Defendant filed a general denial and affirmative defenses in the Santa Clara County Superior Court and promptly and timely removed this Action to Federal Court pursuant to 28 U.S.C. § 1441(B). Defendant's answer generally denies the allegations set forth in Plaintiff's complaint, and sets forth various affirmative defenses.

**2.     The principal factual issues which the parties dispute:**

   a.   Whether Plaintiff was terminated for exercising his workers' compensation rights?

   b.   Whether Plaintiff was discriminated against on the basis of a workers' compensation injury?

   c.   Whether Defendant had legitimate reasons for the employment decisions made with respect to Plaintiff's employment?

   d.   Whether Plaintiff can establish that the alleged legitimate reasons for Defendant's actions were pretext for discrimination and/or retaliation?

   e.   Whether Plaintiff can establish that any decision-maker exhibited any discriminatory or retaliatory animus in connection with the employment decisions made with respect to Plaintiff?

   f.   Whether Plaintiff has suffered any emotional distress?

   g.   Plaintiff's alleged damages.

   h.   Whether Plaintiff has mitigated his alleged damages?

**3.     The principal legal issues which the parties dispute:**

   a.   Why Plaintiff's employment was terminated?

   b.   Whether Plaintiff was discriminated against on account of a workers' compensation injury?

        c.      Whether Plaintiff was terminated in retaliation for exercising his workers' compensation rights?

        d.      Whether Defendant breached California's public policy law?

        e.      If liability exists, the scope, nature, extent, and any limitations on damages.

**4.** **The other factual or legal issues which remain unresolved for the reason stated below and how the parties propose to resolve those issues:**

At this time, Defendant is unaware of any such other factual or legal issues but reserves the right to amend the foregoing lists.

**5.** **The parties which have not been served and the reasons:**

Defendant is not presently aware of any named but unserved parties.

**6.** **The additional parties which the below-specified parties intend to join and the intended time frame for such joinder:**

None.

### CONSENT TO MAGISTRATE JUDGE FOR TRIAL

**7.** **The following parties consent to assignment of this case to United States Magistrate Judge for trial:**

No party so consents.

### ALTERNATIVE DISPUTE RESOLUTION

**8.** **The parties have already been assigned to the following court ADR process:**

None.

**9.** **The ADR process to which the parties jointly request referral:**

The parties have agreed to mediation. The parties agree to select a mediator with an employment background.

### DISCLOSURES

**10.** **The parties certify that they have made the following disclosures:**

The parties will make all the disclosures required by F.R.C.P. 26(a)(1) and Local Rule 16-5 by February 19, 2008.

DEFT'S CASE MGMT CONF. STATEMENT       -4-      Case No. C 07-05609 JW
AND PROPOSED ORDER (C 07-05609 JW)

**DISCOVERY**

**11.    The parties agree to the following discovery plan:**

      a.    The discovery cutoff in this case shall be September 15, 2008.

      b.    Any and all written discovery will be propounded so that a response shall be received prior to the discovery cutoff date.

      c.    If a party chooses to designate any expert witnesses, said designation shall be made by December 1, 2008.

      d.    If a party chooses to designate any rebuttal expert witnesses in response to the other party's initial expert witness designation, said designation shall be made by December 15, 2008.

      e.    Each side shall be limited to five (5) depositions, excluding depositions of experts, and to fifty (50) interrogatories without leave of the court.  Each side shall be limited to fifty (50) requests for production of documents without leave of court.  Any person designated as an expert may be deposed by any party.

      f.    All expert depositions shall be taken by January 30, 2008.

**DISPOSITIVE MOTIONS**

**12.    The parties request a dispositive motions cutoff date as follows:**

The last day to hear dispositive motions shall be December 15, 2008.

**TRIAL SCHEDULE**

**13.    The parties request a trial date as follows:**

The parties request a trial date no earlier than February 16, 2009.

**14.    The parties expect that the trial will last for the following number of days:**

3 court days.

///

///

///

///

DEFT'S CASE MGMT CONF. STATEMENT                    -5-                    Case No. C 07-05609 JW
AND PROPOSED ORDER (C 07-05609 JW)

**SIGNATURE AND CERTIFICATION BY PARTIES AND LEAD TRIAL COUNSEL**

The parties and their counsels filed the certification that they have read and discussed the brochure entitled "Dispute Resolution Procedures in the Northern District of California" on February 5, 2008.

Dated: February 19, 2008
/s/
NEDA N. DAL CIELO
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
DISH NETWORK CALIFORNIA SERVICE CORPORATION, A Colorado Corporation, (sued erroneously herein as "ECHOSTAR, DBA DISH NETWORK)

**CASE MANAGEMENT ORDER**

  This Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case, and the parties are ordered to comply with this Order. In addition the Court orders:

DATED:           By: _____
                THE HONORABLE JAMES WARE
                UNITED STATES DISTRICT JUDGE

Firmwide:84322645.1 049145.1005