NEDA N. DAL CIELO, Bar No. 161982
ndalcielo@littler.com
SUZANNE R. NESTOR, Bar No. 217984
snestor@littler.com
LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street, 15th Floor
San Jose, CA 95113.2303
Telephone:  408.998.4150
Facsimile:  408.288-5686

Attorneys for Defendant
DISH NETWORK CALIFORNIA SERVICE
CORPORATION, A Colorado Corporation, (sued
erroneously herein as "ECHOSTAR, DBA DISH
NETWORK)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN ALLIEU,<br><br>  Plaintiff,<br><br>v.<br><br>ECHOSTAR dba DISH NETWORK A Colorado Corporation, and DOES 1 through 50, inclusive,<br><br>  Defendants. | Case No. C 07-05609 JW<br><br>**NOTICE OF MOTION AND MOTION TO COMPEL SERVICE OF INITIAL DISCLOSURES, RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS, RESPONSES TO INTERROGATORIES AND FOR SANCTIONS**<br><br>Date:  August 18, 2008<br>Time:  9:00 a.m.<br>Judge:  The Honorable James A. Ware<br>Dept:  Courtroom 8, 4th Floor |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

NOT OF MTN & MTN TO COMPEL SVC OF
INITIAL DISC, RESP. TO RFP AND INT, & FOR
SANCTIONS (NO. C 07-05609 JW)

# TABLE OF CONTENTS

**PAGE**

I. INTRODUCTION .................................................................................................................. 1

II. STATEMENT OF RELEVANT FACTS ............................................................................ 2

    A. Background ................................................................................................................. 2

    B. Plaintiff's Counsel Fails to Cooperate In Drafting The Joint Case Management Conference Statement ................................................................................................... 2

    C. Plaintiff To Date Has Not Served Any Initial Disclosures ......................................... 3

    D. Plaintiff Has Failed To Respond to Defendant's Discovery Requests ....................... 4

III. ARGUMENT ........................................................................................................................ 5

    A. This Court Should Order Plaintiff To Serve Initial Disclosures In Compliance With Federal Rule of Civil Procedure 26 ................................................................... 5

    B. This Court Should Issue An Order Precluding Plaintiff From Using Any Information That Is, Or Would Be, In Any Disclosures Served At Trial Or In A Motion ..................................................................................................................... 6

    C. This Court Should Order Plaintiff To Respond To Discovery Requests ................... 7

    D. This Court Should Order Plaintiff to Reimburse Defendant For Its Expenses In Bringing This Motion .............................................................................................. 8

IV. CONCLUSION ..................................................................................................................... 9

# TABLE OF AUTHORITIES

**PAGE**

## CASES

Davis v. Fendler,
   650 F.2d 1154, 1160 (9th Cir. 1981) .................................................................... 8

Richmark Corp. v. Timber Falling Consultants,
   959 F.2d 1468, 1473 (9th Cir. 1992) .................................................................... 8

Wilson v. Bradlees of New England, Inc.,
   250 F.3d 10, 21 (1st Cir. 2001) ............................................................................ 6

Yeti By Molly, Ltd. v. Deckers Outdoor Corp.,
   259 F.3d 1101, 1106 (9th Cir. 2001) .................................................................... 6

## STATUTES

28 U.S.C. section 1441(B) ........................................................................................... 2

California Labor Code section 132a ........................................................................... 2

Federal Rule of Civil Procedure 34 .................................................................... 4, 7, 9

Federal Rule of Civil Procedure 26 ........................................................ 1, 2, 5, 7, 8, 9

Federal Rule of Civil Procedure 33 ................................................................... 7, 8, 9

Federal Rule of Civil Procedure 37 ............................................................ 4, 5, 6, 7, 8

## OTHER AUTHORITIES

Civil L.R. 16-9 ............................................................................................................ 3

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

NOT OF MTN & MTN TO COMPEL SVC OF
INITIAL DISC, RESP. TO RFP AND INT, &
FOR (NO. CV)

ii.

**NOTICE OF MOTION**

TO PLAINTIFF JOHN ALLIEU AND HIS ATTORNEY OF RECORD, FRANK C. MAYO:

YOU ARE HEREBY NOTIFIED that on Monday, August 18, 2008, at 9:00 a.m., or as soon thereafter as the matter can be heard in Courtroom 8, 4th Floor of the United States District Court, located at 280 South First Street, San Jose, California, 95113, Defendant DISH Network California Service Corporation, A Colorado Corporation, sued erroneously herein as Echostar, dba DISH Network, will move and hereby does move this Court for an order compelling Plaintiff to serve his initial disclosures in compliance with Federal Rule of Civil Procedure 26, to produce written responses and documents responsive to Defendant's Request for Production, Set One, and to serve written responses to Defendant's Special Interrogatories, Set One. Defendant also moves the Court for an order prohibiting Plaintiff from using any information that is or would be in his initial disclosures at a trial or a hearing in this case, and compelling Plaintiff to pay Defendant its costs on this motion as sanctions.

Defendant bases this motion on this Notice, the Memorandum of Points and Authorities set forth below, the Declaration of Suzanne R. Nestor and accompanying exhibits, filed herewith, the orders governing this case, any oral argument that the Court may hear, and all pleadings and papers on file in this action.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Plaintiff and his counsel's unresponsiveness and inactivity has required Defendant to be the sole participant in this litigation. Despite repeated good faith efforts to secure Plaintiff and his counsel's cooperation and participation, Plaintiff has nevertheless repeatedly failed to serve long-overdue initial disclosures and responses to discovery requests, in violation of the Federal Rules of Civil Procedure. Plaintiff's failures have not only unnecessarily impaired the progress of this litigation, but have prejudiced Defendant in the process. Defendant therefore brings this motion in a final attempt to get Plaintiff and his counsel to participate in the prosecution of his own case and to allow Defendant the discovery to which it is entitled to defend itself.

For these reasons and as discussed more fully below, Defendant hereby applies to the

NOT OF MTN & MTN TO COMPEL SVC OF
INITIAL DISC, RESP. TO RFP AND INT, & FOR         1.
SANCTIONS (NO. C 07-05609 JW)

Court for an order 1) compelling Plaintiff to serve Defendant with initial disclosures; 2) barring Plaintiff from supporting or opposing claims or defenses with information contained in his Rule 26(a) initial disclosures; 3) compelling Plaintiff to respond, without objections, to Defendant's discovery requests; and 4) requiring Plaintiff to compensate Defendant for the costs of bringing this motion.

## II. STATEMENT OF RELEVANT FACTS

### A. Background.

Plaintiff, John Allieu, filed his complaint on or about September 4, 2007, asserting claims for discrimination and wrongful termination in violation of California Labor Code section 132a. On or about November 5, 2007, Defendant DISH Network, filed a general denial and affirmative defenses in the Santa Clara County Superior Court and promptly and timely removed the case to Federal Court pursuant to 28 U.S.C. § 1441(B).

Plaintiff has no basis or support for his claim and, moreover, Defendant had a legitimate business reason for his termination. From approximately August 2002 until July 2007, Plaintiff was a Field Service Specialist for DISH Network. During his near five years of employment, Plaintiff repeatedly violated DISH Network's attendance policy, receiving three separate warnings in 2006 and a fourth in March 2007. On July 12, 2007, Plaintiff did not show up for work as expected, although his time card indicated otherwise. Thereafter, DISH Network promptly investigated the discrepancy and found the source of the false entry: Plaintiff had telephoned a co-worker, and asked his co-worker to punch in his time card for the day. In accordance with DISH Network policy, which prohibits any employee from falsifying timecards, DISH Network terminated Plaintiff's employment. DISH Network also terminated the employment of Plaintiff's colluding co-worker.

### B. Plaintiff's Counsel Fails to Cooperate In Drafting The Joint Case Management Conference Statement.

On November 5, 2007 the United States District Court for the Northern District of California issued its Order Setting Initial Case Management Conference and ADR Deadlines. Declaration of Suzanne R. Nestor ("Nestor Dec."), ¶3, Ex. A. Therein, and pursuant to Civil L.R.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose CA 95113 2303
408 998 4150

NOT OF MTN & MTN TO COMPEL SVC OF
INITIAL DISC, RESP. TO RFP AND INT, & FOR     2.
SANCTIONS (NO. C 07-05609 JW)

16-9, the Court ordered the parties to file a Joint Case Management Statement by February 19, 2008. *Id.* The Parties, through their respective counsel, thereafter agreed that Suzanne R. Nestor, counsel for Defendant, would prepare a draft of the Joint Case Management Statement and send it to Frank C. Mayo, counsel for Plaintiff, for his review and execution. *Id.* at ¶4.

Accordingly, Ms. Nestor drafted the Joint Case Management Statement and e-mailed it to Mr. Mayo on February 13, 2008. Nestor Dec. ¶5, Ex. B. Although the e-mail emphasized the February 19, 2008 deadline and requested a response "as soon as possible," Mr. Mayo did not respond. *Id.*

With only a day before the deadline, and still no response from Mr. Mayo, on February 18, 2008, Ms. Nestor again sent Mr. Mayo an e-mail with the attached Joint Case Management Statement. Nestor Dec. ¶6, Ex. C. The e-mail again requested that Mr. Mayo either sign and return the statement or provide proposed revisions, and again, Mr. Mayo did not respond. *Id.*

Footnoting Mr. Mayo's failure to respond, Defendant timely submitted its own Case Management Statement and Proposed Order on February 19, 2008. Nestor Dec. ¶7, Ex. D. Several hours later, Plaintiff filed his own Case Management Statement and Proposed Order, in which Mr. Mayo admits to receiving the February 18, 2008 e-mail, but denies seeing any proposed statement from Defendant until Noon on February 19, 2008. *Id.* at ¶7, Ex. E. Mr. Mayo failed to mention the e-mail he received from Ms. Nestor on February 13, 2008. *Id.*

C.   **Plaintiff To Date Has Not Served Any Initial Disclosures.**

On February 19, 2008, and pursuant to Federal Rule of Civil Procedure 26, Defendant served Plaintiff with it's initial disclosures. Nestor Dec. ¶ 8, Ex. F. Although Plaintiff was obligated under the rules to serve his initial disclosures on that same date, he did not do so. *Id.*

Plaintiff instead acknowledged in the case management conference statement he filed on February 19, 2008, that he had not yet served initial disclosures, and that "they shall be made prior to the Case Management Conference." Nestor Dec. ¶7, Ex. E. Despite this representation to the Court and to Defendant, the March 3, 2008 Case Management Conference date came and went, without service of Plaintiff's initial disclosures. *Id.* at ¶9.

NOT OF MTN & MTN TO COMPEL SVC OF
INITIAL DISC, RESP. TO RFP AND INT, & FOR            3.
SANCTIONS (NO. C 07-05609 JW)

In response to Plaintiff's failure to provide the requisite initial disclosures, Neda Dal Cielo, also counsel for Defendant, sent a letter to Mr. Mayo on March 20, 2008 requesting that Plaintiff serve his initial disclosures by Wednesday, March 26, 2008. Nestor Dec., ¶11, Ex. H. Again, however, Defendant did not receive Plaintiff's initial disclosures by that date, which was then three weeks after the date set for the Case Management Conference.

Thus, on April 7, 2008, Ms. Nestor sent a second letter to Mr. Mayo. Nestor Dec. ¶12, Ex. I. Citing Federal Rule of Civil Procedure 37, which provides sanctions for failure to exchange initial disclosures, Ms. Nestor once again requested that Plaintiff serve his initial disclosures, this time by April 14, 2008. *Id.* Mr. Mayo did not respond in any way to this letter, and still did not serve any initial disclosures. *Id.*

In yet another attempt to obtain the long overdue initial disclosures, Ms. Nestor sent a third letter to Mr. Mayo on April 22, 2008. Nestor Dec. ¶13, Ex. J. Echoing earlier concerns, Ms. Nestor set a deadline for Plaintiff to serve his initial disclosures of April 28, 2008. *Id.* Ms. Nestor explained that if she did not receive the initial disclosures by that date, Defendant would "have no choice but to file a motion seeking appropriate sanctions." *Id.*

In one final attempt to encourage Plaintiff's cooperation and obtain his initial disclosures without court intervention, Ms. Nestor sent a fourth letter to Mr. Mayo on June 25, 2008 repeating her prior requests for the initial disclosures. Nestor Dec., ¶14, Ex. K. Ms. Nestor informed Mr. Mayo that Defendant would file a motion to compel if Plaintiff did not serve his initial disclosures by Monday, July 7, 2008. *Id.* Mr. Mayo did not respond to that letter. *Id.*

**D.    Plaintiff Has Failed To Respond to Defendant's Discovery Requests.**

On May 2, 2008, Defendant served Plaintiff a Request for Production of Documents, Set One, and Special Interrogatories, Set One. Nestor Dec. ¶15, Exs. L, M. As stated explicitly in these discovery requests, and as required by the Federal Rules of Civil Procedure, Plaintiff's responses to that discovery were due on June 4, 2008. *Id.*; see also Fed. R. Civ. P. 34(b)(2)(A) ("The party to whom the request is directed must respond in writing within 30 days after being served"). Defendant did not receive any responses to the discovery or requests for an extension of time to respond by the required date. *Id.*

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113.2303
408 998 4150

NOT OF MTN & MTN TO COMPEL SVC OF
INITIAL DISC, RESP. TO RFP AND INT, & FOR
SANCTIONS (NO. C 07-05609 JW)                4.

In Ms. Nestor's June 25, 2008 letter to Mr. Mayo regarding the initial disclosures, Ms. Nestor also demanded the production of responses to the long overdue discovery requests. Nestor Dec. ¶16, Ex. K. Highlighting the consequences for failing to respond to discovery requests and, specifically, Plaintiff's waiver of objections, Ms. Nestor requested that Mr. Mayo provide Plaintiff's responses to the discovery by July 7, 2008. *Id.* Plaintiff's failure to provide the initial disclosures despite Ms. Nestor's repeated requests made it clear to Ms. Nestor that any further attempts to resolve these issues without court intervention would be futile. *Id.* As such, Ms. Nestor informed Mr. Mayo that if Plaintiff did not serve his responses to the discovery, along with his initial disclosures, by July 7, 2008, Defendant would have no choice but to file a motion and seek appropriate sanctions. *Id.*

To date, Defendant has received neither Plaintiff's initial disclosures, nor any discovery responses.

### III. ARGUMENT

#### A. This Court Should Order Plaintiff To Serve Initial Disclosures In Compliance With Federal Rule of Civil Procedure 26.

A party may bring a motion to compel disclosure under Federal Rule of Civil Procedure 37(a) "[i]f a party fails to make a disclosure required by Rule 26(a)." FRCP 37(a)(3)(A). Unless the Court orders a different deadline, or the parties agree otherwise, parties are required to exchange initial disclosures within 14 days after the Rule 26(f) conference. *See* FRCP 26(a).

Here, the deadline to serve initial disclosures was February 19, 2008. Nestor Dec., ¶3, Ex. A. Although Defendant met this deadline and served its initial disclosures on February 19, 2008, Plaintiff did not. Nestor Dec., ¶¶8-9. On four occasions thereafter, Defendant demanded the disclosures; yet, despite Plaintiff's counsel's representations that he would serve them, Defendant has yet to receive any initial disclosures from Plaintiff. *Id.* at ¶¶11-14, Exs. H-K. As such, Plaintiff has failed completely to provide Initial Disclosures as required by Rule 26(a)(1) and this Court should order Plaintiff to comply with Rule 26.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

NOT OF MTN & MTN TO COMPEL SVC OF
INITIAL DISC, RESP. TO RFP AND INT, & FOR         5.
SANCTIONS (NO. C 07-05609 JW)

B. **This Court Should Issue An Order Precluding Plaintiff From Using Any Information That Is, Or Would Be, In Any Disclosures Served At Trial Or In A Motion.**

Pursuant to Federal Rule of Civil Procedure 37(c)(1), the Court <u>must</u> preclude a party that fails to disclose the information required under Rule 26(a) from using that evidence at a trial, at a hearing or on a motion unless the party to be sanctioned establishes that the failure to comply with disclosure requirements was "substantially justified" or "harmless." FRCP 37(c)(1); *see also Yeti By Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001); *see also Wilson v. Bradlees of New England, Inc.*, 250 F.3d 10, 21 (1st Cir. 2001). Plaintiff has yet to provide, and indeed cannot provide, any evidence establishing that his failure to comply with the disclosure requirements was "substantially justified" or "harmless."

Here, in fact, the harm to Defendant is significant. First, Defendant cannot take Plaintiff's deposition until after it receives Plaintiff's initial disclosures because to do otherwise would force Defendant to forego its right to depose Plaintiff regarding any of his claimed supporting witnesses or written evidence and to enter into summary judgment and/or trial blind. Nestor Dec., ¶ 17. On at least one occasion, Plaintiff's counsel alleged that he had "several witnesses" whom he intended to call in support of Plaintiff's claims. *Id.* Yet, without Plaintiff's initial disclosures, Defendant cannot question Plaintiff about those witnesses or even issue any further written discovery.[1] *Id.*

In addition, deadlines are fast approaching which require Defendant to possess the information which Plaintiff is refusing to produce. According to the Scheduling Order in this case, the parties are expected to file preliminary pretrial conference statements on August 29, 2008, and to attend a preliminary pretrial conference on September 8, 2008. Nestor Dec., ¶10, Ex. G. Moreover, discovery is scheduled to close on October 6, 2008. *Id.* Yet, Plaintiff's refusal to prosecute his own litigation has prohibited Defendant from taking the Plaintiff's deposition, as well as the depositions of any witnesses he may identify. And, despite Defendant's many efforts to obtain discoverable information, Plaintiff has continued to fail and refuse to cooperate leaving Defendant without

---

[1] Likewise, given Plaintiff's failure and refusal (as discussed herein) to comply with previously propounded written discovery, it is patent that it would be futile to attempt to discover witness or document information through written discovery absent a court order.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113.2303
408.998.4150

NOT OF MTN & MTN TO COMPEL SVC OF
INITIAL DISC, RESP. TO RFP AND INT, & FOR       6.
SANCTIONS (NO. C 07-05609 JW)

information to which it is entitled to defend itself. Defendant thus cannot adequately prepare a pretrial conference statement or even participate in a pretrial conference, let alone defend itself at trial.

Plaintiff also has yet to provide any explanation as to why he has failed to provide the initial disclosures required by Rule 26 which, by the time of the hearing on this motion, will be six (6) months overdue. Defendant asserts that Plaintiff and his counsel have no explanation – and certainly not a "substantial justification" for their failure.

For these reasons, Plaintiff has without question completely prohibited Defendant from obtaining information necessary for its defense. Plaintiff therefore cannot reasonably contend that his failure to comply with the Rule 26 disclosure requirements is either "harmless" or justified. As such, Defendant requests that the Court issue an order prohibiting Plaintiff from supporting or opposing claims or defenses with information that is or would be contained in any initial disclosures he is ordered to serve.

### C. This Court Should Order Plaintiff To Respond To Discovery Requests.

A party may bring a motion to compel a discovery response under Federal Rule of Civil Procedure 37(a) "if [...] a party fails to answer an interrogatory submitted under Rule 33 or [...] a party fails to respond that inspection will be permitted [...] as requested under Rule 34." FRCP 37(a)(3)(B). Under Rule 33, a party responding to a request for interrogatories "must serve its answers and any objections within 30 days after being served." FRCP 33(b)(2). Similarly, under Rule 34, a party responding to a request for production of documents "must respond in writing within 30 days after being served." FRCP 34(b)(2)(A).

As discussed in more detail above, Defendant served Plaintiff with a Request for Production of Documents, Set One and Special Interrogatories, Set One on May 2, 2008. Nestor Dec. ¶15, Exs. L, M. Although Plaintiff's responses to that discovery were due on June 4, 2008, Plaintiff did not serve any responses by that date and did not request any extension of time to respond. *Id.* Defendant thereafter attempted to obtain Plaintiff's responses without resorting to court intervention. *Id.* at ¶16. Plaintiff, however, did not respond to Defendant's counsel's meet and confer. *Id.*

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

NOT OF MTN & MTN TO COMPEL SVC OF
INITIAL DISC, RESP. TO RFP AND INT, & FOR
SANCTIONS (NO. C 07-05609 JW)

7.

Notably, as a result of Plaintiff's failure to timely respond to Defendant's discovery, Plaintiff has waived any and all objections to those requests. *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (failing to respond to a Rule 34 request within the time permitted waives all objections thereto—including claims of privilege and work product); see also FRCP 33(b)(4); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) (absent extension or good cause, failure to timely respond to interrogatories generally constitutes a waiver of any objections thereto). However, even if he had not waived his objections, his failure to act in accordance with Rules 33 and 34 "may not be excused on the ground that the discovery sought is objectionable," because he has not filed or served a motion for protective order as provided by Rule 26(c). FRCP 37(d).

Therefore, Defendant submits that good cause exists for the Court to order Plaintiff to produce responses, without objections, to Defendant's Request for Production and Special Interrogatories, and to order Plaintiff to produce any and all responsive documents.

### D. This Court Should Order Plaintiff to Reimburse Defendant For Its Expenses In Bringing This Motion.

Rule 37 includes provisions requiring the party that fails to act to pay the cost of expenses to the other party who filed the motion. Specifically, Rule 37(c)(1) states:

> ***In addition to*** or ***instead of*** [barring use of information at trial or in a motion, as discussed above], the court, on motion and after giving an opportunity to be heard [...] *may order payment of the reasonable expenses, including attorney's fees, caused by the failure.* (emphasis added)

FRCP 37(c)(1) (emphasis added).

Rule 37(d) contains a similar provision, applicable where a party fails to serve answers to interrogatories or to respond to document production requests:

> Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, *the court **must require** the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure*, unless the failure was substantially justified or other circumstances make an award of expenses unjust. (emphasis added)

FRCP 37(d)(3) (emphasis added).

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

NOT OF MTN & MTN TO COMPEL SVC OF
INITIAL DISC, RESP. TO RFP AND INT, & FOR      8.
SANCTIONS (NO. C 07-05609 JW)

As discussed above, Plaintiff has not offered and, indeed cannot offer, any justification for his complete failure to comply with the Rule 26 disclosure requirements. Plaintiff similarly has no justification for failing to respond to Defendant's timely and reasonable Rule 33 and Rule 34 requests because, as noted above, Plaintiff has waived his objections and has not filed a motion for protective order. FRCP 37(d).

As required by Northern District Court of California Local Rule 37-1 and Federal Rule of Civil Procedure 37, Defendant made every reasonable effort to avoid having to bring this motion and to confer with Plaintiff's counsel about Plaintiff's duty to respond. Nestor Dec., ¶¶11-14, 16-18. On each occasion, Plaintiff's counsel either failed to respond or, even after responding and stating an agreement to produce initial disclosures, failed to comply with his own agreement to produce. *Id.* Plaintiff's counsel's conduct throughout this litigation has made it clear that any further attempts to meet and confer would be futile. *Id.* at ¶17.

As more fully set forth in the Declaration of Suzanne R. Nestor, as of the time of the filing of this motion Defendant has incurred and will incur reasonable attorneys' fees and costs in the amount of $4,620.00 in filing this motion, preparing a reply and attending the hearing thereon. Nestor Dec. ¶19. Thus, Defendant respectfully requests that the Court order Plaintiff to reimburse Defendant $4,620.00 to cover its fees and costs incurred.

## IV.  CONCLUSION

For the reasons set forth above, Defendant submits that Plaintiff has not and cannot show that his failure to comply with the Rule 26 initial disclosures requirement, or to act in compliance with Defendant's Rule 33 and Rule 34 discovery requests is either harmless or substantially justified. As such, Defendant respectfully requests that this court grant Defendant's Motion to Compel Plaintiff to serve Defendant with Initial Disclosures required under Federal Rule of Civil Procedure 26 and to respond, without objections, to Defendant's Request for Production of Documents, Set One and Special. Additionally Defendant requests that this court bar Plaintiff from supporting or opposing claims or defenses with information that is or would be contained in his Rule

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

NOT OF MTN & MTN TO COMPEL SVC OF
INITIAL DISC, RESP. TO RFP AND INT, & FOR
SANCTIONS (NO. C 07-05609 JW)

9.

26(a) initial disclosures. Lastly, Defendant seeks sanctions in the amount of $4,620.00 for having to bring the instant motion.

Dated: July 14, 2008

/s/ Suzanne R. Nestor
NEDA N. DAL CIELO
SUZANNE R. NESTOR
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
DISH NETWORK CALIFORNIA SERVICE CORPORATION

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

NOT OF MTN & MTN TO COMPEL SVC OF
INITIAL DISC, RESP. TO RFP AND INT, & FOR
SANCTIONS (NO. C 07-05609 JW)

10.