# EXHIBIT "A"

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

ADR

JOHN ALLIEU,

        Plaintiff (s),

    v.     E-FILING

ECHOSTAR, ET AL.,

        Defendant(s).

ORIGINAL
FILED
07 NOV -5 PM 3: 21

No. C 07-05609 HRL

ORDER SETTING INITIAL CASE
MANAGEMENT CONFERENCE
AND ADR DEADLINES

        IT IS HEREBY ORDERED that this action is assigned to the Honorable Howard R. Lloyd. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order , the Notice of Assignment of Case to a United States Magistrate Judge for Trial, and all other documents specified in Civil Local Rule 4-2. Counsel must comply with the case schedule listed below unless the Court otherwise orders.

        IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court ADR Internet site at www.adr.cand.uscourts.gov. A limited number of printed copies are available from the Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

### CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|------|-------|----------------|
| 11/5/2007 | Notice of removal filed | |
| 2/5/2008 | *Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R.3-5 |
| | • file Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference | Civil L.R. 16-8 |
| 2/19/2008 | *Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1)<br>Civil L.R . 16-9 |
| 2/26/2008 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) in Courtroom 2, 5th Floor SJ at 1:30 PM | Civil L.R. 16-10 |

\* If the Initial Case Management Conference is continued, the other deadlines are continued accordingly.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
MAGISTRATE JUDGE HOWARD R. LLOYD

## STANDING ORDER RE: INITIAL CASE MANAGEMENT AND DISCOVERY DISPUTES

1.  In cases that are randomly assigned to Judge Lloyd for all purposes, the parties are requested to file their written consent to the assignment of a U.S. Magistrate Judge for all purposes, or their written declination of consent, <u>as soon as possible</u>.

2.  The civil motion calendar is heard on Tuesdays at 10:00 a.m. The criminal motion calendar is heard on Thursdays at 9:30 a.m. Motions may be noticed for hearing pursuant to Civil L.R. 7. Counsel need not reserve a hearing date in advance for civil motions. However, noticed dates may be reset as the Court's calendar requires.

3.  Parties with questions regarding scheduling (excluding settlement conferences) should contact Judge Lloyd's Administrative Law Clerk at (408) 535-5411.

4.  A Case Management Conference will be held on the date and time specified in the Order Setting Initial Case Management Conference in Courtroom 2, United States Courthouse, 280 South First Street, San Jose, California. This conference may be continued <u>only</u> by Court Order pursuant to Civil L.R. 16-2(e). Parties may not stipulate to continue a Case Management Conference without Court approval.

5.  Pursuant to Civil L.R. 16-9, no later than seven (7) days before the Case Management Conference, the parties shall file a Joint Case Management Statement. For the required format and contents of this filing, follow the "Standing Order for All Judges of the Northern District of California: Contents of Joint Case Management Statement." If preparation of a joint statement would cause undue hardship, the parties may serve and file separate statements, which shall include a description of the undue hardship.

6.  Discovery motions may be addressed to the Court in three ways. First, a motion may be noticed on not less than 35 days' notice pursuant to Civil L.R. 7-2. Second, any party may seek an order shortening time under Civil L.R. 6-3 if the circumstances justify that relief. Finally, in emergencies during discovery events (such as depositions), any party may contact the Court to ask if the Judge is available to address the problem pursuant to Civil L.R. 37-1(b). In the event a discovery dispute arises, counsel for the party seeking discovery shall in good faith confer with counsel for the party failing to make the discovery in an effort to resolve the dispute without court action, as required by Fed.R.Civ.P. 37 and Civil L.R. 37-1(a). A declaration setting forth these meet and confer efforts, and the final positions of each party, shall be included in the moving papers. The Court will not consider discovery motions unless the moving party has complied with Fed.R.Civ.P. 37 and Civil L.R. 37-1(a). The parties are discouraged from attaching letters

between counsel as exhibits to discovery motions.

7.    Plaintiff or removing Defendant shall serve a copy of this Standing Order on all parties to this action and on all parties subsequently joined, in accordance with Fed.R.Civ.P 4 and 5.  Following service, Plaintiff shall file a certificate of service, in accordance with Civil L.R. 5-6.

IT IS SO ORDERED.

Dated: August 22, 2002
        Amended February 26, 2007

HOWARD R. LLOYD
United States Magistrate Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

Case No. _____

## STANDING ORDER REGARDING

## CASE MANAGEMENT IN CIVIL CASES

This order sets forth requirements for initial case management in all civil matters assigned to District Judges James Ware, Ronald M. Whyte and Jeremy Fogel, and Magistrate Judges Patricia V. Trumbull, Richard Seeborg, and Howard R. Lloyd. All papers filed must include the case number of the action followed by the initials of the assigned district judge or magistrate judge and, if applicable, the initials of the magistrate judge to whom the action is referred for discovery or other pretrial activity.

Plaintiff shall serve a copy of this Standing Order on all parties to this action and on all parties subsequently joined, in accordance with Fed.R.Civ.P. 4 and 5. Following service, plaintiff shall file a certificate of service in accordance with Civil L.R. 5-6(a).

All disclosure or discovery disputes in cases assigned to district judges are referred to the assigned magistrate judge for determination pursuant to Fed.R.Civ.P. 72(a). Magistrate judges themselves handle disclosure and discovery disputes in the cases assigned to them.

Before selecting a hearing date for a motion before any of the judges of the San Jose Division, counsel must confer with opposing counsel to determine that the proposed hearing date will not cause undue prejudice.

Civil motions under Civil L.R. 7-2 in cases assigned to Judge Ware may be noticed for hearing on any Monday at 9:00 a.m.

Civil motions under Civil L.R. 7-2 in cases assigned to Judge Whyte may be noticed for hearing on any Friday at 9:00 a.m.

# STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

## CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.      Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.      Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.      Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.      Motions: All prior and pending motions, their current status, and any anticipated motions.

5.      Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.      Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.      Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.      Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.      Class Actions: If a class action, a proposal for how and when the class will be certified.

10.     Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.     Relief: All relief sought through complaint or counterclaim, including the amount of any

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.    Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.    Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.    Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.    Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.    Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.    Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.    Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.    Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition,** each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.    Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

-2-

**EXHIBIT "B"**

**Nestor, Suzanne R.**

| | |
|---|---|
| **From:** | Nestor, Suzanne R. |
| **Sent:** | Wednesday, February 13, 2008 4:02 PM |
| **To:** | fmayolaw@aol.com |
| **Cc:** | Dal Cielo, Neda N. |
| **Subject:** | Allieu v. Echostar |

**Attachments:** 84233154_1.doc



84233154_1.doc
(57 KB)

r. Mayo-

Per our discussion, attached is a draft of the Joint Case Management Conference statement for the Allieu matter. As you know, this must be filed by Tuesday, February 19, 2008. If you are agreeable with the contents as is, please sign and return to my attention as soon as possible. Otherwise, please red-line the attached document with any proposed changes and I will get back to you before Tuesday with our response. Thank you for your prompt attention to this important matter.

Regards,


Suzanne R. Nestor, Esq. | Littler Mendelson, PC

The National Employment & Labor Law Firm®

_____

50 W. San Fernando Street | Suite 1500

San Jose, California 95113

Office: (408) 998-4150 | Fax: (408) 288-5686

snestor@littler.com | www.littler.com

1

1  NEDA N. DAL CIELO, Bar No. 161982
   SUZANNE R. NESTOR, Bar No. 217984
2  LITTLER MENDELSON
   A Professional Corporation
3  50 West San Fernando Street, 15th Floor
   San Jose, CA  95113.2303
4  Telephone:    408.998.4150

5  Attorneys for Defendant
   DISH NETWORK CALIFORNIA SERVICE CORPORATION,
6  A Colorado Corporation, (sued erroneously herein as
   "ECHOSTAR, DBA DISH NETWORK)
7

8  FRANK E. MAYO, Bar No. 042972
   LAW OFFICE OF FRANK E. MAYO
9  5050 El Camino Real, Suite 228
   Los Altos, CA  94022
10 Telephone:    650.964.8901

11 Attorney for Plaintiff
   JOHN ALLIEU
12

13              UNITED STATES DISTRICT COURT

14            NORTHERN DISTRICT OF CALIFORNIA

15                  SAN JOSE DIVISION

16 JOHN ALLIEU,                    Case No. C 07-05609 JW

17              Plaintiff,         **JOINT CASE MANAGEMENT
                                   CONFERENCE STATEMENT AND
18      v.                         PROPOSED ORDER**

19 ECHOSTAR dba DISH NETWORK A
   Colorado Corporation, and DOES 1
20 through 50, inclusive,

21              Defendants.

22      The parties to the above-entitled action jointly submit this Case Management Statement

23 and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

24                    **DESCRIPTION OF THE CASE**

25      1.    **A brief description of the events underlying the action:**

26      Plaintiff, John Allieu ("Allieu") began his employment with Defendant, DISH

27 Network California Service Corporation ("DISH Network"), a Colorado Corporation, (sued

28

erroneously herein as "Echostar, dba DISH Network), in or about August 2002 as a Field Service Specialist I. On or about December 18, 2002, Allieu fell off of a ladder while working and bruised his right knee and shin. After a four-day absence, Allieu was returned to work with no restrictions on December 23, 2002. In September 2003, Allieu was promoted to Field Service Specialist II. In May 2004, he was again promoted, this time to Field Service Specialist III.

On or about September 16, 2005, Allieu slipped on a ladder and sprained his wrist. Thereafter he was accommodated by being placed on modified duty and he was subsequently returned to work with no restrictions on December 15, 2005. In 2006, Allieu received three separate warnings relating to violations of DISH Network's attendance policy and he received a fourth attendance policy violation warning in March 2007.

Then, on May 3, 2007, Allieu again fell off of a ladder while working and injured his left elbow, back and left knee. He was excused from work for several days, then returned to work with restrictions limiting him to desk work. DISH Network accommodated his restrictions and Allieu was thereafter placed on a light duty schedule in accordance with his work restrictions.

On July 12, 2007, Allieu did not show for work as expected. Although a review of his time card showed that he clocked in at 7:23 a.m, he could not be located by anyone at DISH Network. Allieu arrived to work some time after 10:00 a.m. and completed and signed a time card for the week indicating a full eight (8) hours work for July 12, 2007. Allieu was placed on a three (3) day suspension while the matter was investigated. During DISH Network's investigation, the company learned that Allieu had telephoned a co-worker, John Gibson, at approximately 7:15 a.m. on July 12, 2007, and asked Mr. Gibson to punch Allieu in for the day. Mr. Gibson did as Allieu requested.

It is a violation of company policy for any employee to falsify timecards or sheets or attempt to sign or punch a timecard or sheet other than one's own. Based on its investigation, DISH Network concluded that Allieu violated Company policy by having Mr. Gibson punch in for him and by subsequently completing and signing a time card suggesting he worked a full shift, when he had not. As such, DISH Network terminated Allieu's employment. Allieu was still

1    working modified duty at the time of his termination.

2         On or about September 4, 2007, Plaintiff filed a Complaint in the Santa Clara

3    County Superior Court asserting claims for discrimination and wrongful termination in violation

4    of California Labor Code section 132a. On or about November 5, 2007, Defendant filed a general

5    denial and affirmative defenses in the Santa Clara County Superior Court and promptly and

6    timely removed this Action to Federal Court pursuant to 28 U.S.C. § 1441(B). Defendant's

7    answer generally denies the allegations set forth in Plaintiff's complaint, and sets forth various

8    affirmative defenses.

9    **2.    The principal factual issues which the parties dispute:**

10        a.    Whether Plaintiff was terminated for exercising his workers' compensation

11   rights?

12        b.    Whether Plaintiff was discrimination against on the basis of a workers'

13   compensation injury?

14        c.    Whether Defendant had legitimate reasons for the employment decisions

15   made with respect to Plaintiff's employment?

16        d.    Whether Plaintiff can establish that the alleged legitimate reasons for

17   Defendant' actions were pretext for discrimination and/or retaliation?

18        e.    Whether Plaintiff can establish that any decision-maker exhibited any

19   discriminatory or retaliatory animus in connection with the employment decisions made with

20   respect to Plaintiff?

21        f.    Whether Plaintiff has suffered any emotional distress?

22        g.    Plaintiff's alleged damages.

23        h.    Whether Plaintiff has mitigated his alleged damages?

24   **3.    The principal legal issues which the parties dispute:**

25        a.    Why Plaintiff's employment was terminated?

26        b.    Whether Plaintiff was discriminated against on account of a workers'

27   compensation injury?

28   JT CASE MGMT CONF. STATEMENT AND        -3-
     PROPOSED ORDER (C 07-05609 JW)

1            c.     Whether Plaintiff was terminated in retaliation for exercising his workers'

2    compensation rights?

3            d.     Whether Defendant breached California's public policy law?

4            e.     If liability exists, the scope, nature, extent, and any limitations on damages.

5        **4.**     **The other factual or legal issues which remain unresolved for the reason**

6    **stated below and how the parties propose to resolve those issues:**

7            At this time, the parties are unaware of any such other factual or legal issues but

8    reserve the right to amend the foregoing lists.

9        **5.**     **The parties which have not been served and the reasons:**

10           The parties are not presently aware of any named but unserved parties.

11       **6.**     **The additional parties which the below-specified parties intend to join and the**

12   **intended time frame for such joinder:**

13           None.

14               **CONSENT TO MAGISTRATE JUDGE FOR TRIAL**

15       **7.**     **The following parties consent to assignment of this case to United States**

16   **Magistrate Judge for trial:**

17           No party so consents.

18               **ALTERNATIVE DISPUTE RESOLUTION**

19       **8.**     **The parties have already been assigned to the following court ADR process:**

20           None.

21       **9.**     **The ADR process to which the parties jointly request referral:**

22           The parties have agreed to mediation.  The parties agree to select a mediator with

23   an employment background.

24                      **DISCLOSURES**

25       **10.**    **The parties certify that they have made the following disclosures:**

26           The parties will make all the disclosures required by F.R.C.P. 26(a)(1) and Local

27   Rule 16-5 by February 19, 2008.

28

**DISCOVERY**

11.    **The parties agree to the following discovery plan:**

    a.    The discovery cutoff in this case shall be September 15, 2008.

    b.    Any and all written discovery will be propounded so that a response shall be received prior to the discovery cutoff date.

    c.    If a party chooses to designate any expert witnesses, said designation shall be made by December 1, 2008.

    d.    If a party chooses to designate any rebuttal expert witnesses in response to the other party's initial expert witness designation, said designation shall be made by December 15, 2008.

    e.    Each side shall be limited to five (5) depositions, excluding depositions of experts, and to fifty (50) interrogatories without leave of the court.  Each side shall be limited to fifty (50) requests for production of documents without leave of court.  Any person designated as an expert may be deposed by any party.

    f.    All expert depositions shall be taken by January 30, 2008.

**DISPOSITIVE MOTIONS**

12.    **The parties request a dispositive motions cutoff date as follows:**

The last day to hear dispositive motions shall be December 15, 2008.

**TRIAL SCHEDULE**

13.    **The parties request a trial date as follows:**

The parties request a trial date no earlier than February 16, 2009.

14.    **The parties expect that the trial will last for the following number of days:**

3 court days.

**SIGNATURE AND CERTIFICATION BY PARTIES AND LEAD TRIAL COUNSEL**

Because of the parties' and their counsels' disparate locations, each party and trial attorney will file a separate certification that they have read and discussed the brochure entitled "Dispute Resolution Procedures in the Northern District of California."

JT CASE MGMT CONF. STATEMENT AND       -5-
PROPOSED ORDER (C 07-05609 JW)

1

2    Dated: February ___, 2008          /S/_____
                                        NEDA N. DAL CIELO
3                                       LITTLER MENDELSON
                                        A Professional Corporation
4                                       Attorneys for Defendants
                                        BANK OF THE WEST, KEN FUJIHARA AND
5                                       LINDA LOCKLEAR

6

7

8    Dated: February ___, 2008          /S/_____
                                        FRANK E. MAYO
9                                       LAW OFFICE OF FRANK E. MAYO
                                        Attorney for Plaintiff
10                                       JOHN ALLIEU

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders:

DATED:                                    By:    _____

                                                 THE HONORABLE JAMES WARE
                                                 UNITED STATES DISTRICT JUDGE

Firmwide:84233154.1 049145.1005

# EXHIBIT "C"

**Nestor, Suzanne R.**

| | |
|---|---|
| **From:** | Nestor, Suzanne R. |
| **Sent:** | Monday, February 18, 2008 8:47 AM |
| **To:** | 'fmayolaw@aol.com' |
| **Cc:** | Dal Cielo, Neda N. |
| **Subject:** | RE: Allieu v. Echostar |

**Attachments:** Echostar_Allieu_Joint CMC Statement.doc



Echostar_Allieu_Joi
nt CMC Stat...

       Mr. Mayo-

I have not yet received a response to my message to you last Wednesday regarding the joint
case management conference statement that must be filed tomorrow, February 19, 2008.
Please sign the attached and return it to me or provide me with your proposed revisions by
10:00 a.m. February 19, 2008 so that we may timely file our statement.  Thank you.

Regards,


Suzanne R. Nestor
Littler Mendelson
Phone: (408) 998-4150
Fax (408) 288-5686

-----Original Message-----
From: Nestor, Suzanne R.
Sent: Wednesday, February 13, 2008 4:02 PM
To: fmayolaw@aol.com
Cc: Dal Cielo, Neda N.
Subject: Allieu v. Echostar

Mr. Mayo-

Per our discussion, attached is a draft of the Joint Case Management Conference statement
for the Allieu matter. As you know, this must be filed by Tuesday, February 19, 2008.  If
you are agreeable with the contents as is, please sign and return to my attention as soon
as possible.  Otherwise, please red-line the attached document with any proposed changes
and I will get back to you before Tuesday with our response.  Thank you for your prompt
attention to this important matter.

Regards,



Suzanne R. Nestor, Esq. | Littler Mendelson, PC

The National Employment & Labor Law Firm®

---
50 W. San Fernando Street | Suite 1500

San Jose, California 95113

Office: (408) 998-4150 | Fax: (408) 288-5686

snestor@littler.com | www.littler.com

2

1  NEDA N. DAL CIELO, Bar No. 161982
   SUZANNE R. NESTOR, Bar No. 217984
2  LITTLER MENDELSON
   A Professional Corporation
3  50 West San Fernando Street, 15th Floor
   San Jose, CA  95113.2303
4  Telephone:      408.998.4150

5  Attorneys for Defendant
   DISH NETWORK CALIFORNIA SERVICE CORPORATION,
6  A Colorado Corporation, (sued erroneously herein as
   "ECHOSTAR, DBA DISH NETWORK)
7

8  FRANK E. MAYO, Bar No. 042972
   LAW OFFICE OF FRANK E. MAYO
9  5050 El Camino Real, Suite 228
   Los Altos, CA  94022
10 Telephone:      650.964.8901

11 Attorney for Plaintiff
   JOHN ALLIEU
12

13                 UNITED STATES DISTRICT COURT

14               NORTHERN DISTRICT OF CALIFORNIA

15                      SAN JOSE DIVISION

16 | JOHN ALLIEU,                    | Case No. C 07-05609 JW |
17 |                 Plaintiff,      | **JOINT CASE MANAGEMENT** |
                                     | **CONFERENCE STATEMENT AND** |
18 |          v.                     | **PROPOSED ORDER** |
19 | ECHOSTAR dba DISH NETWORK A     |  |
   | Colorado Corporation, and DOES 1 |  |
20 | through 50, inclusive,          |  |
21 |                 Defendants.     |  |

22        The parties to the above-entitled action jointly submit this Case Management Statement

23 and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

24                      **DESCRIPTION OF THE CASE**

25    1.    **A brief description of the events underlying the action:**

26        Plaintiff, John Allieu ("Allieu") began his employment with Defendant, DISH

27 Network California Service Corporation ("DISH Network"), a Colorado Corporation, (sued

28 JT CASE MGMT CONF. STATEMENT AND                    1.
   PROPOSED ORDER (C 07-05609 JW)

1    erroneously herein as "Echostar, dba DISH Network), in or about August 2002 as a Field Service

2    Specialist I. On or about December 18, 2002, Allieu fell off of a ladder while working and

3    bruised his right knee and shin. After a four-day absence, Allieu was returned to work with no

4    restrictions on December 23, 2002. In September 2003, Allieu was promoted to Field Service

5    Specialist II. In May 2004, he was again promoted, this time to Field Service Specialist III.

6            On or about September 16, 2005, Allieu slipped on a ladder and sprained his wrist.

7    Thereafter he was accommodated by being placed on modified duty and he was subsequently

8    returned to work with no restrictions on December 15, 2005. In 2006, Allieu received three

9    separate warnings relating to violations of DISH Network's attendance policy and he received a

10    fourth attendance policy violation warning in March 2007.

11            Then, on May 3, 2007, Allieu again fell off of a ladder while working and injured

12    his left elbow, back and left knee. He was excused from work for several days, then returned to

13    work with restrictions limiting him to desk work. DISH Network accommodated his restrictions

14    and Allieu was thereafter placed on a light duty schedule in accordance with his work restrictions.

15            On July 12, 2007, Allieu did not show for work as expected. Although a review of

16    his time card showed that he clocked in at 7:23 a.m, he could not be located by anyone at DISH

17    Network. Allieu arrived to work some time after 10:00 a.m. and completed and signed a time

18    card for the week indicating a full eight (8) hours work for July 12, 2007. Allieu was placed on a

19    three (3) day suspension while the matter was investigated. During DISH Network's

20    investigation, the company learned that Allieu had telephoned a co-worker, John Gibson, at

21    approximately 7:15 a.m. on July 12, 2007, and asked Mr. Gibson to punch Allieu in for the day.

22    Mr. Gibson did as Allieu requested.

23            It is a violation of company policy for any employee to falsify timecards or sheets

24    or attempt to sign or punch a timecard or sheet other than one's own. Based on its investigation,

25    DISH Network concluded that Allieu violated Company policy by having Mr. Gibson punch in

26    for him and by subsequently completing and signing a time card suggesting he worked a full shift,

27    when he had not. As such, DISH Network terminated Allieu's employment. Allieu was still

28    JT CASE MGMT CONF. STATEMENT AND      -2-
<br/>     PROPOSED ORDER (C 07-05609 JW)

1  working modified duty at the time of his termination.

2          On or about September 4, 2007, Plaintiff filed a Complaint in the Santa Clara

3  County Superior Court asserting claims for discrimination and wrongful termination in violation

4  of California Labor Code section 132a. On or about November 5, 2007, Defendant filed a general

5  denial and affirmative defenses in the Santa Clara County Superior Court and promptly and

6  timely removed this Action to Federal Court pursuant to 28 U.S.C. § 1441(B). Defendant's

7  answer generally denies the allegations set forth in Plaintiff's complaint, and sets forth various

8  affirmative defenses.

9      **2.**    **The principal factual issues which the parties dispute:**

10      a.    Whether Plaintiff was terminated for exercising his workers' compensation

11  rights?

12      b.    Whether Plaintiff was discrimination against on the basis of a workers'

13  compensation injury?

14      c.    Whether Defendant had legitimate reasons for the employment decisions

15  made with respect to Plaintiff's employment?

16      d.    Whether Plaintiff can establish that the alleged legitimate reasons for

17  Defendant' actions were pretext for discrimination and/or retaliation?

18      e.    Whether Plaintiff can establish that any decision-maker exhibited any

19  discriminatory or retaliatory animus in connection with the employment decisions made with

20  respect to Plaintiff?

21      f.    Whether Plaintiff has suffered any emotional distress?

22      g.    Plaintiff's alleged damages.

23      h.    Whether Plaintiff has mitigated his alleged damages?

24      **3.**    **The principal legal issues which the parties dispute:**

25      a.    Why Plaintiff's employment was terminated?

26      b.    Whether Plaintiff was discriminated against on account of a workers'

27  compensation injury?

28  JT CASE MGMT CONF. STATEMENT AND    -3-
    PROPOSED ORDER (C 07-05609 JW)

1           c.     Whether Plaintiff was terminated in retaliation for exercising his workers'

2 compensation rights?

3           d.     Whether Defendant breached California's public policy law?

4           e.     If liability exists, the scope, nature, extent, and any limitations on damages.

5    **4.**     **The other factual or legal issues which remain unresolved for the reason**

6 **stated below and how the parties propose to resolve those issues:**

7        At this time, the parties are unaware of any such other factual or legal issues but

8 reserve the right to amend the foregoing lists.

9    **5.**     **The parties which have not been served and the reasons:**

10       The parties are not presently aware of any named but unserved parties.

11    **6.**     **The additional parties which the below-specified parties intend to join and the**

12 **intended time frame for such joinder:**

13       None.

14              **CONSENT TO MAGISTRATE JUDGE FOR TRIAL**

15    **7.**     **The following parties consent to assignment of this case to United States**

16 **Magistrate Judge for trial:**

17       No party so consents.

18              **ALTERNATIVE DISPUTE RESOLUTION**

19    **8.**     **The parties have already been assigned to the following court ADR process:**

20       None.

21    **9.**     **The ADR process to which the parties jointly request referral:**

22       The parties have agreed to mediation.  The parties agree to select a mediator with

23 an employment background.

24                      **DISCLOSURES**

25    **10.**     **The parties certify that they have made the following disclosures:**

26       The parties will make all the disclosures required by F.R.C.P. 26(a)(1) and Local

27 Rule 16-5 by February 19, 2008.

28 JT CASE MGMT CONF. STATEMENT AND     -4-
PROPOSED ORDER (C 07-05609 JW)

**DISCOVERY**

11.     **The parties agree to the following discovery plan:**

a.     The discovery cutoff in this case shall be September 15, 2008.

b.     Any and all written discovery will be propounded so that a response shall be received prior to the discovery cutoff date.

c.     If a party chooses to designate any expert witnesses, said designation shall be made by December 1, 2008.

d.     If a party chooses to designate any rebuttal expert witnesses in response to the other party's initial expert witness designation, said designation shall be made by December 15, 2008.

e.     Each side shall be limited to five (5) depositions, excluding depositions of experts, and to fifty (50) interrogatories without leave of the court. Each side shall be limited to fifty (50) requests for production of documents without leave of court. Any person designated as an expert may be deposed by any party.

f.     All expert depositions shall be taken by January 30, 2008.

**DISPOSITIVE MOTIONS**

12.     **The parties request a dispositive motions cutoff date as follows:**

The last day to hear dispositive motions shall be December 15, 2008.

**TRIAL SCHEDULE**

13.     **The parties request a trial date as follows:**

The parties request a trial date no earlier than February 16, 2009.

14.     **The parties expect that the trial will last for the following number of days:**

3 court days.

**SIGNATURE AND CERTIFICATION BY PARTIES AND LEAD TRIAL COUNSEL**

Because of the parties' and their counsels' disparate locations, each party and trial attorney will file a separate certification that they have read and discussed the brochure entitled "Dispute Resolution Procedures in the Northern District of California."

JT CASE MGMT CONF. STATEMENT AND          -5-
PROPOSED ORDER (C 07-05609 JW)

1

2  Dated: February ___, 2008          /S/_____
                                      NEDA N. DAL CIELO
3                                     LITTLER MENDELSON
                                      A Professional Corporation
4                                     Attorneys for Defendants
                                      BANK OF THE WEST, KEN FUJIHARA AND
5                                     LINDA LOCKLEAR

6

7

8  Dated: February ___, 2008          /S/_____
                                      FRANK E. MAYO
9                                     LAW OFFICE OF FRANK E. MAYO
                                      Attorney for Plaintiff
10                                    JOHN ALLIEU

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CASE MANAGEMENT ORDER**

2   The Case Management Statement and Proposed Order is hereby adopted by the Court as

3   the Case Management Order for the case and the parties are ordered to comply with this Order.

4   In addition the Court orders:

5   DATED:                              By: _____

6                                           THE HONORABLE JAMES WARE
                                            UNITED STATES DISTRICT JUDGE
7   Firmwide:84233154.1 049145.1005

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   JT CASE MGMT CONF. STATEMENT AND          -7-
     PROPOSED ORDER (C 07-05609 JW)

# EXHIBIT "D"

1  NEDA N. DAL CIELO, Bar No. 161982
   SUZANNE R. NESTOR, Bar No. 217984
2  LITTLER MENDELSON
   A Professional Corporation
3  50 West San Fernando Street, 15th Floor
   San Jose, CA 95113.2303
4  Telephone:    408.998.4150

5  Attorneys for Defendant
   DISH NETWORK CALIFORNIA SERVICE CORPORATION,
6  A Colorado Corporation, (sued erroneously herein as
   "ECHOSTAR, DBA DISH NETWORK)
7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11  JOHN ALLIEU,                          Case No. C 07-05609 JW

12              Plaintiff,                **DEFENDANT DISH NETWORK**
                                          **CALIFORNIA SERVICE**
13      v.                                **CORPORATION'S CASE MANAGEMENT**
                                          **CONFERENCE STATEMENT[1] AND**
14  ECHOSTAR dba DISH NETWORK A           **PROPOSED ORDER**
    Colorado Corporation, and DOES 1
15  through 50, inclusive,

16              Defendants.

17

18       Defendant DISH Network California Service Corporation (erroneously sued herein as

19  "Echostar dba DISH Network") herby submits this Case Management Statement and Proposed

20  Order and requests the Court to adopt it as its Case Management Order in this case.

21                         **DESCRIPTION OF THE CASE**

22      **1.    A brief description of the events underlying the action:**

23       Plaintiff, John Allieu ("Allieu") began his employment with Defendant, DISH

24  Network California Service Corporation ("DISH Network"), a Colorado Corporation, (sued

25

26  _____
    [1]     Per the Court's Order, Defendant prepared the instant case management conference statement as a
27  joint statement for the parties to execute.  Despite Defendant's efforts to meet and confer on this issue,
    Plaintiffs' counsel failed to respond and has not signed or proposed any revisions.  Thus, Defendant is
28  filing it's own statement for the Court's review prior to the CMC scheduled for March 3, 2008 at 10:00
    a.m.
    DEFTS' CASE MGMT CONF. STATEMENT          1.                Case No. C 07-05609 JW
    AND PROPOSED ORDER (C 07-05609 JW)

1  erroneously herein as "Echostar, dba DISH Network), in or about August 2002 as a Field Service

2  Specialist I.  On or about December 18, 2002, Allieu fell off of a ladder while working and

3  bruised his right knee and shin.  After a four-day absence, Allieu was returned to work with no

4  restrictions on December 23, 2002.  In September 2003, Allieu was promoted to Field Service

5  Specialist II.  In May 2004, he was again promoted, this time to Field Service Specialist III.

6          On or about September 16, 2005, Allieu slipped on a ladder and sprained his wrist.

7  Thereafter, he was accommodated by being placed on modified duty and he was subsequently

8  returned to work with no restrictions on December 15, 2005.  In 2006, Allieu received three

9  separate warnings relating to violations of DISH Network's attendance policy, and he received a

10  fourth attendance policy violation warning in March 2007.

11          Then, on May 3, 2007, Allieu again fell off of a ladder while working and injured

12  his left elbow, back and left knee.  He was excused from work for several days, then returned to

13  work with restrictions limiting him to desk work.  DISH Network accommodated his restrictions,

14  and Allieu was thereafter placed on a light duty schedule in accordance with his work restrictions.

15          On July 12, 2007, Allieu did not show for work as expected.  Although a review of

16  his time card showed that he clocked in at 7:23 a.m, he could not be located by anyone at DISH

17  Network.  Allieu arrived to work some time after 10:00 a.m. and completed and signed a time

18  card for the week indicating a full eight (8) hours work for July 12, 2007.  Allieu was placed on a

19  three (3) day suspension while the matter was investigated.  During DISH Network's

20  investigation, the company learned that Allieu had telephoned a co-worker, John Gibson, at

21  approximately 7:15 a.m. on July 12, 2007, and asked Mr. Gibson to punch Allieu in for the day.

22  Mr. Gibson did as Allieu requested.

23          It is a violation of company policy for any employee to falsify timecards or sheets

24  or attempt to sign or punch a timecard or sheet other than one's own.  Based on its investigation,

25  DISH Network concluded that Allieu violated Company policy by having Mr. Gibson punch in

26  for him and by subsequently completing and signing a time card suggesting he worked a full shift,

27  when he had not.  As such, DISH Network terminated Allieu's employment.  Allieu was still

28  DEFT'S CASE MGMT CONF. STATEMENT          -2-                    Case No. C 07-05609 JW
   AND PROPOSED ORDER (C 07-05609 JW)

1    working modified duty at the time of his termination.

2    　　　　On or about September 4, 2007, Plaintiff filed a Complaint in the Santa Clara

3    County Superior Court asserting claims for discrimination and wrongful termination in violation

4    of California Labor Code section 132a.  On or about November 5, 2007, Defendant filed a general

5    denial and affirmative defenses in the Santa Clara County Superior Court and promptly and

6    timely removed this Action to Federal Court pursuant to 28 U.S.C. § 1441(B).  Defendant's

7    answer generally denies the allegations set forth in Plaintiff's complaint, and sets forth various

8    affirmative defenses.

9    　　2.　　**The principal factual issues which the parties dispute:**

10   　　　　a.　　Whether Plaintiff was terminated for exercising his workers' compensation

11   　　　　　　　rights?

12   　　　　b.　　Whether Plaintiff was discriminated against on the basis of a workers'

13   　　　　　　　compensation injury?

14   　　　　c.　　Whether Defendant had legitimate reasons for the employment decisions

15   　　　　　　　made with respect to Plaintiff's employment?

16   　　　　d.　　Whether Plaintiff can establish that the alleged legitimate reasons for

17   　　　　　　　Defendant's actions were pretext for discrimination and/or retaliation?

18   　　　　e.　　Whether Plaintiff can establish that any decision-maker exhibited any

19   　　　　　　　discriminatory or retaliatory animus in connection with the employment

20   　　　　　　　decisions made with respect to Plaintiff?

21   　　　　f.　　Whether Plaintiff has suffered any emotional distress?

22   　　　　g.　　Plaintiff's alleged damages.

23   　　　　h.　　Whether Plaintiff has mitigated his alleged damages?

24   　　3.　　**The principal legal issues which the parties dispute:**

25   　　　　a.　　Why Plaintiff's employment was terminated?

26   　　　　b.　　Whether Plaintiff was discriminated against on account of a workers'

27   　　　　　　　compensation injury?

28   DEFT'S CASE MGMT CONF. STATEMENT　　　　-3-　　　　Case No. C 07-05609 JW
     AND PROPOSED ORDER (C 07-05609 JW)

c.    Whether Plaintiff was terminated in retaliation for exercising his workers' compensation rights?

d.    Whether Defendant breached California's public policy law?

e.    If liability exists, the scope, nature, extent, and any limitations on damages.

**4.    The other factual or legal issues which remain unresolved for the reason stated below and how the parties propose to resolve those issues:**

At this time, Defendant is unaware of any such other factual or legal issues but reserves the right to amend the foregoing lists.

**5.    The parties which have not been served and the reasons:**

Defendant is not presently aware of any named but unserved parties.

**6.    The additional parties which the below-specified parties intend to join and the intended time frame for such joinder:**

None.

## CONSENT TO MAGISTRATE JUDGE FOR TRIAL

**7.    The following parties consent to assignment of this case to United States Magistrate Judge for trial:**

No party so consents.

## ALTERNATIVE DISPUTE RESOLUTION

**8.    The parties have already been assigned to the following court ADR process:**

None.

**9.    The ADR process to which the parties jointly request referral:**

The parties have agreed to mediation. The parties agree to select a mediator with an employment background.

## DISCLOSURES

**10.    The parties certify that they have made the following disclosures:**

The parties will make all the disclosures required by F.R.C.P. 26(a)(1) and Local Rule 16-5 by February 19, 2008.

DEFT'S CASE MGMT CONF. STATEMENT          -4-                    Case No. C 07-05609 JW
AND PROPOSED ORDER (C 07-05609 JW)

1

## DISCOVERY

2    **11.    The parties agree to the following discovery plan:**

3        a.    The discovery cutoff in this case shall be September 15, 2008.

4        b.    Any and all written discovery will be propounded so that a response shall
5    be received prior to the discovery cutoff date.

6        c.    If a party chooses to designate any expert witnesses, said designation shall
7    be made by December 1, 2008.

8        d.    If a party chooses to designate any rebuttal expert witnesses in response to
9    the other party's initial expert witness designation, said designation shall be made by December
10   15, 2008.

11       e.    Each side shall be limited to five (5) depositions, excluding depositions of
12   experts, and to fifty (50) interrogatories without leave of the court. Each side shall be limited to
13   fifty (50) requests for production of documents without leave of court. Any person designated as
14   an expert may be deposed by any party.

15       f.    All expert depositions shall be taken by January 30, 2008.

16   ## DISPOSITIVE MOTIONS

17   **12.    The parties request a dispositive motions cutoff date as follows:**

18       The last day to hear dispositive motions shall be December 15, 2008.

19   ## TRIAL SCHEDULE

20   **13.    The parties request a trial date as follows:**

21       The parties request a trial date no earlier than February 16, 2009.

22   **14.    The parties expect that the trial will last for the following number of days:**

23       3 court days.

24   ///

25   ///

26   ///

27   ///

28   DEFT'S CASE MGMT CONF. STATEMENT            -5-            Case No. C 07-05609 JW
     AND PROPOSED ORDER (C 07-05609 JW)

1     **SIGNATURE AND CERTIFICATION BY PARTIES AND LEAD TRIAL COUNSEL**

2         The parties and their counsels filed the certification that they have read and

3 discussed the brochure entitled "Dispute Resolution Procedures in the Northern District of

4 California" on February 5, 2008.

5

6 Dated: February 19, 2008        /s/ _____

                                 NEDA N. DAL CIELO

7                                   LITTLER MENDELSON

                                  A Professional Corporation

8                                   Attorneys for Defendant

                                  DISH NETWORK CALIFORNIA SERVICE

9                                   CORPORATION, A Colorado Corporation, (sued

                                  erroneously herein as "ECHOSTAR, DBA DISH

10                                   NETWORK)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   DEFT'S CASE MGMT CONF. STATEMENT        -6-                Case No. C 07-05609 JW

    AND PROPOSED ORDER (C 07-05609 JW)

1

**CASE MANAGEMENT ORDER**

2          This Case Management Statement and Proposed Order is hereby adopted by the Court as

3    the Case Management Order for the case, and the parties are ordered to comply with this Order.

4    In addition the Court orders:

5

6    DATED:                                    By: _____

7                                                   THE HONORABLE JAMES WARE
                                                    UNITED STATES DISTRICT JUDGE
8    Firmwide:84322645.1 049145.1005

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   DEFT'S CASE MGMT CONF. STATEMENT          -7-                    Case No. C 07-05609 JW
     AND PROPOSED ORDER (C 07-05609 JW)

**Other Documents**
5:07-cv-05609-JW Allieu v. Echostar
ADRMOP, E-Filing, PRVADR


U.S. District Court
Northern District of California
**Notice of Electronic Filing or Other Case Activity**

NOTE: Please read this entire notice before calling the Help Desk. If you have questions, please email
the Help Desk by replying to this message; include your question or comment along with the original
text.

Please note that these Notices are sent for all cases in the system when any case activity occurs,
regardless of whether the case is designated for e-filing or not, or whether the activity is the filing of an
electronic document or not.

If there are **two** hyperlinks below, the first will lead to the docket and the second will lead to an e-filed
document.
*If there is no second hyperlink, there is no electronic document available .*
See the FAQ posting 'I have a Notice of Electronic Filing that was e-mailed to me but there's no
hyperlink...' on the ECF home page at https://ecf.cand.uscourts.gov for more information.


The following transaction was received from by Dal Cielo, Neda entered on 2/19/2008 3:59 PM PST
and filed on 2/19/2008
**Case Name:**          Allieu v. Echostar
**Case Number:**        5:07-cv-5609
**Filer:**              Echostar
**Document Number:** 15

**Docket Text:**
**CASE MANAGEMENT STATEMENT** ***and Proposed Order*** **filed by Echostar. (Dal Cielo,
Neda) (Filed on 2/19/2008)**


**5:07-cv-5609 Notice has been electronically mailed to:**

Neda N. Dal Cielo      ndalcielo@littler.com, lcunningham@littler.com, sbarnes@littler.com

Frank Edward Mayo      fmayolaw@aol.com

Suzanne R Nestor      snestor@littler.com, sjoyner@littler.com

**5:07-cv-5609 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** L:\EFILE\Dal Cielo\Allieu\2.19.08 Case Management Statement and Proposed Order.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=2/19/2008] [FileNumber=4145820-0]
[165abb12618186582f72bffd98e593951030da667d2e00ee78a6ad01c0186dfcf2c39
518deb46b9f8a6a6aa852b4b9f2b0655bdbf5aa11a656a81358f2d62989]]

**Barnes, Suzanne M.**

| | |
|---|---|
| **From:** | Barnes, Suzanne M. |
| **Sent:** | Tuesday, February 19, 2008 4:09 PM |
| **To:** | 'jwPO@cand.uscourts.gov' |
| **Subject:** | Allieu v. Echostar, Case No. C 07-05609 JW |

**Attachments:** Echostar_Allieu_CMC Statement.doc

To The Honorable James Ware,

Attached please find our Case Management Statement and Proposed Order that was filed in this matter today.  If you have any questions, please feel free to give me a call.  Thank you.

Susan Barnes
Legal Secretary to Neda N. Dal Cielo

***Please Note Our New Address:***

Littler Mendelson, APC
50 W. San Fernando Street | 15th Floor
San Jose, California 95113
Phone: (408) 998-4150 | Fax: (408) 288-5686
sbarnes@littler.com | littler.com

# EXHIBIT "E"

1  FRANK E. MAYO/State Bar #42972
   Law Office of Frank E. Mayo
2  5050 El Camino Real, Ste. 228
3  Los Altos, CA 94022

4  (650) 964-8901

5  Attorney for Plaintiff
6  John Allieu

7

8

9

10

11              UNITED STATES DISTRICT COURT

12            NORTHERN DISTRICT OF CALIFORNIA

13                  SAN JOSE DIVISION

14

15  JOHN ALLIEU,                    )    Case No. C 07 05609 JW
                                    )
16        Plaintiff,                )
                                    )    **PLAINTIFF JOHN ALLIEU'S**
17  vs.                             )    **CASE MANAGEMENT**
                                    )    **CONFERENCE STATEMENT**
18  ECHOSTAR, dba DISH NETWORK A    )    **AND PROPOSED ORDER**
19  Colorado Corporation, and DOES 1 )
    Through 50, inclusive,          )
20  _____ )

21        Plaintiff John Allieu submits the following Case Management Conference Statement.

22  Contrary to Ms. Dal Clielo's representation only yesterday, a holiday, did I receive an email with

23  a proposed joint Case Management Conference Statement and a note saying if I did not respond

24  by 10:00 A.M. on the 19th today the firm would e-file their separate statement. I was in court all
25
    morning and found the e-filed statement upon my return. A call to my office would have been
26
    much appreciated. There was a prior mention of a need for a CMC Statement, I had suggested
27
28  the Defendant prepare one and forward it to me for review. I saw no Statement until noon today.

1

## STATEMENT OF THE CASE

Plaintiff was a Field Representative for Defendant and fell from a ladder while in the Company's employment on May 5, 2007. Defendant had a history of terminating employees suffering injuries and fabricating cause for termination. On July 12, 2007 Plaintiff was unable to attend work and was later terminated for alleged falsification of his time card on that day.

## PRINCIPAL FACTUAL ISSUES

A.  Whether Plaintiff was terminated for exercising his workers' compensation rights?

B.  Whether Plaintiff was discriminated against on the basis of a worker's compensation injury?

C.  Whether Plaintiff has suffered any emotional distress?

D.  Plaintiff's alleged damages.

## PRINCIPAL LEGAL ISSUES

None.

## OTHER LEGAL OR FACTUAL ISSUES

None.

## CONSENT TO MAGISTRATE JUDGE FOR TRIAL

Plaintiff does not consent to a Magistrate Judge for Trial.

## ALTERNATIVE DISPUTE RESOLUTION

Plaintiff agrees to Mediation.

## DISCLOSURES

No disclosures have been made but they shall be made prior to the Case Management Conference. Plaintiff submits that Defendant and Plaintiff each shall be limited in discovery the Federal Rules.

## TRIAL SCHEDULE

2

1    Plaintiff submits trial should be in October of 2008 and pre-trial set accordingly.

2    Expert disclosure should be 30 days before the pre-trial.

3    PLAINTIFF'S SIGNATURE AND CERTIFICATION BY TRIAL COUNSEL

4    The parties have discussed "Dispute Resolution Procedures in the Northern District".

5

6    Dated: February 19, 2008

         __/S/_____
7                         Frank E. Mayo, Attorney for Plaintiff
                         John Allieu
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    3

1

CASE MANAGEMENT ORDER

2

This Case Management Statement and Proposed Order is hereby adopted by the Court as

3

the Case Management Order for the case, and the parties are ordered to comply with this Order.

4

In addition the Court Orders:

5

6

7

8    DATED:                    By: _____

9                                  THE HONORABLE JAMES WARE
                                   UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

**Barnes, Suzanne M.**

| | |
|---|---|
| **From:** | ECF-CAND@cand.uscourts.gov |
| **Sent:** | Tuesday, February 19, 2008 6:45 PM |
| **To:** | efiling@cand.uscourts.gov |
| **Subject:** | Activity in Case 5:07-cv-05609-JW Allieu v. Echostar Case Management Statement |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND
to this e-mail because the mail box is unattended.***NOTE TO PUBLIC ACCESS USERS***
Judicial Conference of the United States policy permits attorneys of record and parties in
a case (including pro se litigants) to receive one free electronic copy of all documents
filed electronically, if receipt is required by law or directed by the filer. PACER access
fees apply to all other users.  To avoid later charges, download a copy of each document
during this first viewing.
U.S. District Court
California Northern District

Notice of Electronic Filing
The following transaction was entered by Mayo, Frank  on 2/19/2008 6:44 PM PST and filed
on 2/19/2008

Case Name: Allieu v. Echostar
Case Number: 5:07-cv-5609 https://ecf.cand.uscourts.gov/cgi-bin/DktRpt.pl?197405

Filer: John Allieu

Document Number: 16
Copy the URL address from the line below into the location bar of your Web browser to view
the document: Document: https://ecf.cand.uscourts.gov/doc1/03504321387?magic_num=28145280
&de_seq_num=53&caseid=197405

Docket Text:
CASE MANAGEMENT STATEMENT filed by John Allieu. (Mayo, Frank) (Filed on 2/19/2008)

5:07-cv-5609 Notice has been electronically mailed to:
Neda N. Dal Cielo                              ndalcielo@littler.com,
lcunningham@littler.com, sbarnes@littler.com

Frank Edward Mayo                              fmayolaw@aol.com

Suzanne R Nestor                              snestor@littler.com,
sjoyner@littler.com

5:07-cv-5609 Notice has been delivered by other means to:

The following document(s) are associated with this transaction:
Document description: Main Document
 Original filename: W:\A\allieu\CMC STATEMENT AND ORDER.pdf

 Electronic document Stamp:
 [STAMP CANDStamp_ID=977336130 [Date=2/19/2008] [FileNumber=4146646-0]
[83185ceeb477ec9e2f00f79fac45502ba2224a61492cfbbdbb4c5d3471ca92925aa22975232cdd29359005ab0
fb6497d40dd07b0c87b2c9801a870f6268e44a6]]

# EXHIBIT "F"

1  NEDA N. DAL CIELO, Bar No. 161982
   ndalcielo@littler.com
2  SUZANNE R. NESTOR, Bar No. 217984
   snestor@littler.com
3  LITTLER MENDELSON
   A Professional Corporation
4  50 West San Fernando Street, 15th Floor
   San Jose, CA 95113.2303
5  Telephone:    408.998.4150

6  Attorneys for Defendant
   DISH NETWORK CALIFORNIA SERVICE
7  CORPORATION, A Colorado Corporation, (sued
   erroneously herein as "ECHOSTAR, DBA DISH
8  NETWORK)

9

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12                  SAN JOSE DIVISION

13  JOHN ALLIEU,                        | Case No.  C 07-05609 JW

14              Plaintiff,              | **DEFENDANT DISH NETWORK SERVICE**
                                        | **CORPORATION INITIAL DISCLOSURES**
15       v.                             | **PURSUANT TO FEDERAL RULE OF**
                                        | **CIVIL PROCEDURE 26**
16  ECHOSTAR dba DISH NETWORK A
    Colorado Corporation, and DOES 1
17  through 50, inclusive,

18              Defendants.

19

20

21  TO PLAINTIFF, JOHN ALLIEU, AND HIS ATTORNEY OF RECORD, FRANK MAYO:

22          Pursuant to Federal Rule of Civil Procedure 26(a)(1), Civil Local Rule 16.5, and the

23  Initial Case Management Scheduling Order, Defendant DISH Network Service Corporation

24  (erroneously sued herein as Echostar dba DISH Network) ("Defendant") hereby makes its Initial

25  Disclosures of individuals, documents, and other tangible things.

26  **I.    INDIVIDUALS**

27          The name, and if known, the address and telephone number of each individual who

28  may have discoverable information that the disclosing party may use to support its claims or

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose  CA  95113-2303
408 998 4150

DEFENDANTS' INITIAL DISCLOSURES
(NO.  C 07-05609 JW)

1    defenses, unless solely for impeachment, are listed below:

2          1.     Tammy Pies;

3          2.     Jeannette Alonzo;

4          3.     Michael Wroten;

5          4.     Seongwan Ro;

6          5.     Ramesh Shangaran;

7          6.     Luis Davila; and

8          7.     John Gibson; last known address and telephone number are 33727 9th Street,

9    Union City, CA 94587, 408-401-0793.

10    With the exception of John Gibson, all of these individuals may be contacted through counsel for

11    Defendants. Defendants reserve the right to supplement their witness disclosures pursuant to Federal

12    Rule of Civil Procedure 26 should additional relevant witnesses become known to them.

13    **II.    DOCUMENTS**

14        Pursuant to FRCP 26(a)(1)(B) and Civil L.R. 16-5(b), Defendant hereby discloses the

15    following categories of documents within its possession, custody or control that are unprivileged,

16    and that the disclosing party may use to support its claims or defenses, unless solely for

17    impeachment:

18        &bull;  California Unemployment Insurance Appeals Board decision disqualifying John

19          Allieu from benefits due to discharge for misconduct;

20        &bull;  Workers' compensation records and associated documentation relating to Plaintiff

21          John Allieu's several workers' compensation injuries;

22        &bull;  Letter to John Allieu regarding temporary transitional duty position;

23        &bull;  Miscellaneous policies of Defendant, including but not limited to policies relating

24          to record-keeping, time cards and attendance and Acknowledgement of receipt of

25          Employee Handbook;

26        &bull;  Employee Consultations for John Allieu relating to attendance violations and

27          associated documentation;

28        &bull;  Employee Consultations for 7/12/2007 time card falsification;

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113-2303
408.998.4150

DEFENDANTS' INITIAL DISCLOSURES
(NO. C 07-05609 JW)    2.

- Time cards relating to employee consultations and final week of employment;

- Statements of Ramesh Shangaran and Luis Davila regarding time card incident on 7/12/2007;

- John Allieu's promotion records; and

- Employee Consultation record for the termination of John Gibson's employment for time card falsification.

Defendants reserve the right to supplement their document disclosures pursuant to Federal Rule of Civil Procedure 26 should additional relevant documents become known to them.

## III.    OTHER TANGIBLE THINGS

Defendants are presently unaware of any other tangible things that may be relied upon in the instant action, but reserve the right to supplement their disclosure pursuant to Federal Rule of Civil Procedure 26 should any relevant tangible things become known to them.

## IV.    INSURANCE AGREEMENTS

Defendants are not aware of any applicable insurance agreements.

## V.    CERTIFICATION

The undersigned counsel hereby certifies that to the best of her knowledge, information and belief, formed after an inquiry that is reasonable under the circumstances, the above disclosure is complete and correct as of the time it is made.

Dated: February 19, 2008

NEDA N. DAL CIELO
SUZANNE R. NESTOR
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
DISH NETWORK CALIFORNIA SERVICE
CORPORATION, A Colorado Corporation,
(sued erroneously herein as "ECHOSTAR,
DBA DISH NETWORK)

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
14th Floor
San Jose, CA 95113-2303
408.998.4150

DEFENDANTS' INITIAL DISCLOSURES
(NO. C 07-05609 JW)                                3.

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 50 West San Fernando Street, 15th Floor, San Jose, California 95113. On February 19, 2008, I served the within document(s):

**DEFENDANTS ECHOSTAR SATELLITE CORPORATION, LLC'S; DISH NETWORK CALIFORNIA SERVICE CORPORATION'S; AND DISH NETWORK SERVICE CORPORATION, LLC'S INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26**

☐  by facsimile transmission at or about _____ on that date. This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number 408.288.5686. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

☒  by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at San Jose, California addressed as set forth below.

☐  by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐  by personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

Frank E. Mayo
Law Office of Frank E. Mayo
5050 El Camino Real, Suite 228
Los Altos, CA  94022

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on February 19, 2008, at San Jose, California.

_Suzanne Barnes_
Suzanne Barnes

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA  95113 2303
408 998 4150

DEFENDANTS' INITIAL DISCLOSURES
(NO. C 07-05609 JW)                    4.

# EXHIBIT "G"

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| John Allieu, | No. C 07-05609 JW |
| Plaintiff, | **SCHEDULING ORDER** |
| v. | |
| Echostar, | |
| Defendant. | |

Upon filing, this case was scheduled for a case management conference on **March 3, 2008.** Pursuant to the Federal Rules of Civil Procedure and Local Rules of this Court, the parties conferred and duly submitted a Joint Case Management Statement and Proposed Order. Based on their joint submission, it appears that a schedule for the case can be set without the necessity of an appearance at this time. Accordingly, **the case management conference is vacated** and the parties are ordered to comply with the following schedule:

**CASE SCHEDULE**

| | |
|---|---|
| Close of All Discovery (¶ 9) | **October 6, 2008** |
| Last Date for Hearing Dispositive Motions (¶ 10) *(≈60 days after the Close of All Discovery)* | **December 8, 2008** |
| Preliminary Pretrial Conference at 11 a.m. (¶ 12) *(≈30 days before the Close of All Discovery)* | **Sept 8, 2008** |
| Preliminary Pretrial Conference Statements (¶ 11) *(Due 10 days before conference)* | **August 29, 2008** |

*United States District Court*
*For the Northern District of California*

1    None of the dates set in this Order may be changed without an order of the Court made after

2    a motion is filed pursuant to the Civil Local Rules of Court.

3                    **Standing Order to Lodge Printed Copy of "ECF" Papers**

4            1.    In all cases, including cases covered by the Electronic Case Filing System of

5    the Court "ECF," when filing papers in connection with any motion or any pretrial conference, in

6    addition to filing the paper electronically, the filing parties shall lodge with the Clerk's Office a

7    printed copy of the papers, in an envelop clearly marked "Chamber's Copy – Lodged for the

8    Chambers of Judge James Ware." The "Chamber's Copy" envelop must state the case name and case

9    number and be delivered on or before the close of the next court day following the day the papers

10   are filed electronically. See Standing Order Regarding Case Management in Civil Cases.

11                **Compliance with Discovery Plan and Reference to Magistrate Judge**

12           2.    The Court adopts the Discovery Plan proposed by the parties in their Joint

13   Case Management Statement. The parties are ordered to comply with the discovery plan. Any

14   disputes with respect to the implementation of the discovery plan and all disclosure or discovery

15   disputes are referred to the assigned Magistrate Judge. In addition, any disputes pertaining to

16   service or joinder of parties or claims are referred to the assigned Magistrate Judge.

17   **Document Management During Pretrial Discovery and Electronic Evidence Presentation**

18           3.    This Court has available a digital and video electronic evidence presentation

19   system. Before commencement of pretrial discovery, the parties are ordered to familiarize

20   themselves with the system, and to meet and confer about whether the case will involve voluminous

21   documentary. If so, as the parties identify documentary material which is likely to be used as trial

22   exhibits, the parties are ordered to electronically store these materials in a fashion which will

23   facilitate displaying them electronically during the trial. The parties are reminded that Civil L.R. 30-

24   2(b) requires sequential numbering of exhibits during depositions and that numbering must be

25   maintained for those exhibits throughout the litigation. Each proposed exhibit shall be pre-marked

26   for identification. All exhibits shall be marked with numerals. The parties shall meet and confer on

27

28                                                  2

United States District Court
For the Northern District of California

1  a division which will avoid duplication (e.g., Plaintiff: 1-99,000; Defendant #1: 100,000-299,999;

2  Defendant #2: 300,000-500,000).

3  ### Disclosure of Expert Witnesses

4         4.      Any party wishing to present expert witness testimony with respect to a

5  claim or a defense shall lodge with the Court and serve on all other parties the name, address,

6  qualifications, résumé and a written report which complies with Fed.R.Civ.P. 26(a)(2)(B) **63 days**

7  **before close of discovery.**  Expert witness disclosure must be made with respect to a person who is

8  either (a) specially retained or specially employed to provide expert testimony pursuant to

9  Fed.R.Evid. 702 or (b) a regular employee or agent or treating physician who may be called to

10  provide expert opinion testimony.

11         5.      The parties are also required to lodge any supplemental reports to which any

12  expert will testify at trial in accordance with Fed.R.Civ.P. 26(a)(2)(B).

13         6.      Any party objecting to the qualifications or proposed testimony of an expert

14  must file, serve and notice a motion to exclude the expert or any portion of the expert's testimony in

15  writing in accordance with Civil Local Rule 7-2, for hearing no later than **42 DAYS AFTER BOTH**

16  **EXPERT AND REBUTTAL EXPERT DISCLOSURES ON A MONDAY (LAW AND**

17  **MOTION DAY) at  9:00 a.m.**  and preferably before or on the same day as the discovery cutoff

18  date at 9:00 a.m.

19  ### Rebuttal Expert Witnesses

20         7.      If the testimony of the expert is intended solely to contradict or rebut opinion

21  testimony on the same subject matter identified by another party, the party proffering a rebuttal

22  expert shall make the disclosures required by Fed.R.Civ.P. 26(a)(2)(B), no later than **49 days prior**

23  **to discovery cutoff.**

24  ### Limitation on Testimony by Expert Witnesses

25         8.      Unless the parties enter into a written stipulation otherwise, upon timely

26  objection, an expert witness shall be precluded from testifying about any actions or opinions not

27  disclosed prior to the expert's deposition.  This is to ensure that all factual material upon which

28         3

United States District Court
For the Northern District of California

1  expert opinion may be based and all tests and reports are completed prior to the expert deposition.

2  Unless application is made prior to the close of expert discovery, each party will be limited to calling

3  only one expert witness in each discipline involved in the case.

**Close of Discovery**

5      9.      Pursuant to Civil L.R. 26-2, all discovery, including supplemental disclosure,

6  depositions of fact witness and expert witnesses, must be completed on or before the deadline set

7  forth in the Case Schedule above.

**Last date for Hearing Dispositive Motions**

9      10.     The last day for hearing dispositive motions is set forth in the Case Schedule

10  above. Any motions must be noticed in accordance with the Civil Local Rules of this Court.

**Preliminary Pretrial and Trial Setting Conference Statement and Proposed Order**

12      11.     The attorneys who will try the case are ordered to confer with one another

13  and to file and lodge with Chambers on or before the deadline set forth in the Case Schedule above a

14  Preliminary Pretrial and Trial Setting Conference Statement and Proposed Order, stating their

15  readiness for trial, the amount of time which the Court should allocate for trial and the calendar

16  period for the trial.

17      12.     The attorneys who will try the case are ordered to appear on the date set in

18  the Case Schedule at 11:00 a.m. for a Preliminary Pretrial and Trial Setting Conference.

19      13.     With respect to the time allocation for trial, at the Preliminary Pretrial and

20  Trial Setting Conference trial counsel will be asked to stipulate to a time allocation to each side for

21  the trial of the case. Once a stipulated allocation has been entered, the parties must plan their

22  presentations to conform to the stipulated time allocation.

23

24

25

26

27

28                                                 4

United States District Court
For the Northern District of California

1    14.    With respect to the calendar period for trial, based on the time allotted to the

2    case, a calendar period for trial will be set. In the event it becomes necessary to delay the start of

3    trial because of the Court's calendar, the commencement date will trail from day-to day until the

4    other matter is concluded or further order of the Court.

5

6

7    Dated: February 27, 2008    _____

8                              JAMES WARE
                               United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                              5

United States District Court
For the Northern District of California

**United States District Court**
**For the Northern District of California**

1   **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

2   Frank Edward Mayo fmayolaw@aol.com
    Neda N. Dal Cielo ndalcielo@littler.com
3   Suzanne R Nestor snestor@littler.com

4

5

6   **Dated:  February 27, 2008**                              **Richard W. Wieking, Clerk**

7                                                              By:  **/s/ JW Chambers**
                                                                   **Elizabeth Garcia**
8                                                                  **Courtroom Deputy**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                        6

## Barnes, Suzanne M.

**From:** ECF-CAND@cand.uscourts.gov
**Sent:** Friday, February 29, 2008 1:48 PM
**To:** efiling@cand.uscourts.gov
**Subject:** Activity in Case 5:07-cv-05609-JW Allieu v. Echostar Scheduling Order

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.***NOTE TO PUBLIC ACCESS USERS***
Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.
U.S. District Court
California Northern District

Notice of Electronic Filing
The following transaction was entered on 2/29/2008 1:47 PM PST and filed on 2/29/2008

Case Name: Allieu v. Echostar
Case Number: 5:07-cv-5609 https://ecf.cand.uscourts.gov/cgi-bin/DktRpt.pl?197405

Filer:

Document Number: 17
Copy the URL address from the line below into the location bar of your Web browser to view the document: Document: https://ecf.cand.uscourts.gov/doc1/03504361791?magic_num=47794254&de_seq_num=55&caseid=197405

Docket Text:
SCHEDULING ORDER: The Case Management Conference on 3/3/2008 is VACATED.
 The Parties are ordered to comply with the following schedule: Close of All Discovery due by 10/6/2008; Last Date to Hear Dispositive Motions due by 9/8/2008; Preliminary Pretrial Conference set for 12/8/2008 11:00 AM in Courtroom 8, 4th Floor, San Jose. Please see Order for further specifics.
 Signed by Judge James Ware on 2/27/2008. (ecg, COURT STAFF) (Filed on 2/29/2008)

5:07-cv-5609 Notice has been electronically mailed to:
Neda N. Dal Cielo                                      ndalcielo@littler.com,
lcunningham@littler.com, sbarnes@littler.com

Frank Edward Mayo                                      fmayolaw@aol.com

Suzanne R Nestor                                       snestor@littler.com,
sjoyner@littler.com

5:07-cv-5609 Notice has been delivered by other means to:

The following document(s) are associated with this transaction:
Document description: Main Document
 Original filename: N:\Law Clerks Orders\07eciv5609schedord.pdf

 Electronic document Stamp:
 [STAMP CANDStamp_ID=977336130 [Date=2/29/2008] [FileNumber=4181948-0]
[45cf86fc2c41b2b2c57fecf60c57dfb39c4d14b7e6b14073b79671f5d12651b8c28c86813d285f93270178e97
245742e74e4ff0f3f6cf9529192ec07622981cb]]

**EXHIBIT "H"**

**LITTLER MENDELSON®**

A PROFESSIONAL CORPORATION

ALABAMA

ARIZONA

ARKANSAS

CALIFORNIA

COLORADO

CONNECTICUT

DISTRICT OF COLUMBIA

FLORIDA

GEORGIA

ILLINOIS

INDIANA

MASSACHUSETTS

MINNESOTA

MISSOURI

NEVADA

NEW JERSEY

NEW YORK

NORTH CAROLINA

OHIO

OREGON

PENNSYLVANIA

RHODE ISLAND

SOUTH CAROLINA

TEXAS

VIRGINIA

WASHINGTON

March 20, 2008

Neda N. Dal Cielo
Direct: 408.998.4150
Direct Fax: 408.288.5686
ndalcielo@littler.com

**VIA MAIL AND FACSIMILE (650) 964-7293**

Frank E. Mayo, Esq.
Law Office of Frank E. Mayo
5050 El Camino Real, Suite 228
Los Altos, CA 94022

Re:    *Allieu v. DISH Network California Service Corporation*

Dear Mr. Mayo:

Pursuant to Federal Rule of Civil Procedure 37, this letter is to meet and confer with you regarding initial disclosures.

In accordance with Federal Rule of Civil Procedure 26, the parties are required to exchange initial disclosures within 14 days after the Rule 26(f) conference unless a different time is set by stipulation or court order. As the parties did not agree otherwise, all parties were required to serve initial disclosures no later than February 19, 2008. Plaintiff's case management conference statement, filed on February 19, 2008, acknowledges that no initial disclosures had been made, but instead states that "they shall be made prior to the Case Management Conference." The CMC was scheduled for March 3, 2008. Despite your declaration to the court that initial disclosures would be made by March 3, 2008, as of today's date we have not received Plaintiff's initial disclosures.

As you should know, failure to exchange initial disclosures may subject Plaintiff to sanctions including, but not limited to, evidence preclusion, monetary sanctions, and jury instructions. *See,* FRCP 37. By this letter, therefore, we request that you provide Plaintiff's initial disclosures by Wednesday, March 26, 2008.

Thank you for your prompt attention to this important matter.

Sincerely,

Neda N. Dal Cielo

Firmwide:84630196.1 049145.1005



### LITTLER MENDELSON®
A PROFESSIONAL CORPORATION

**FACSIMILE COVER SHEET**

March 20, 2008

To:    Frank E. Mayo        Fax:   (650) 964-7293    Phone:    (650) 964-8901

Fax #(s) verified before sending (initial):

From:    Neda N. Dal Cielo        Fax:   408.288.5686    Phone:   408.998.4150

Length, including this cover letter:    2    Pages

If you do not receive all pages, please call Susan Barnes at 408.998.4150.

This is the only copy sent to you unless one of the following is checked.

☒ Original sent by regular mail.    ☐ Original sent by overnight service.
☐ Original will be hand-delivered.

Message:

FOR IMMEDIATE REVIEW.

Firmwide:84177485.1 049145.1005

**CONFIDENTIALITY** – The information contained in this fax message is intended only for the personal and confidential use of the designated recipient(s) named above. This message is a communication from attorneys or their agents relating to pending legal matters and, as such, is intended to be privileged and/or confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by mail. Thank you.

Transmittal Completed: _____ am / pm    Client Code:  051770.1002    User Number:  2137

# Confirmation Report — Memory Send

Page       : 001
Date & Time: 03-20-08   13:36
Line 1     : 408 920 9753
Line 2     :
Machine ID : LITTLER MENDELSON

| | | |
|---|---|---|
| Job number | : | 403 |
| Date | : | 03-20  13:35 |
| To | : | ☎16509647293 |
| Number of pages | : | 002 |
| Start time | : | 03-20  13:35 |
| End time | : | 03-20  13:36 |
| Pages sent | : | 002 |
| Status | : | OK |

Job number    : 403            **✳✳✳ SEND SUCCESSFUL ✳✳✳**

## LITTLER MENDELSON®

A PROFESSIONAL CORPORATION

### FACSIMILE COVER SHEET

March 20, 2008

To:      Frank E. Mayo              Fax:    (650) 964-7293    Phone:    (650) 964-8901

Fax #(s) verified before sending (initial):

From:    Neda N. Dal Cielo          Fax:    408.288.5686      Phone:    408.998.4150

Length, including this cover letter:    2      Pages

If you do not receive all pages, please call Susan Barnes at 408.998.4150.

This is the only copy sent to you unless one of the following is checked.
☒ Original sent by regular mail.        ☐ Original sent by overnight service.
☐ Original will be hand-delivered.

Message:

FOR IMMEDIATE REVIEW.

Firmwide:84177485.1 049145.1005

CONFIDENTIALITY — The information contained in this fax message is intended only for the personal and confidential use of the designated recipient(s) named above. This message is a communication from attorneys or their agents relating to pending legal matters and, as such, is intended to be privileged and/or confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by mail. Thank you.

Transmittal Completed: _____ am / pm    Client Code:   051770.1002    User Number:    2137

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM
50 West San Fernando Street, 14th Floor, San Jose, CA 95113-2303 Tel: 408.998.4150 Fax: 408.288.5686. www.littler.com

**EXHIBIT "I"**

# LITTLER MENDELSON®

A PROFESSIONAL CORPORATION

April 7, 2008

Suzanne R. Nestor
Phone: 408.998.4150
Fax: 408.288.5686
snestor@littler.com

**VIA MAIL AND FACSIMILE (650) 964-7293**

Frank E. Mayo, Esq.
Law Office of Frank E. Mayo
5050 El Camino Real, Suite 228
Los Altos, CA 94022

      Re:   *Allieu v. DISH Network California Service Corporation*

Dear Mr. Mayo:

This follows Ms. Dal Cielo's March 20, 2008 letter to you regarding Mr. Allieu's initial disclosures. As mentioned in Ms. Dal Cielo's letter, pursuant to Federal Rule of Civil Procedure 26 Mr. Allieu's initial disclosures were due no later than February 19, 2008. Mr. Allieu's case management statement, filed on February 19, 2008, acknowledged that no initial disclosures had been made, but instead stated that "they shall be made prior to the Case Management Conference." Despite that declaration, Mr. Allieu had not served any initial disclosures as of Ms. Dal Cielo's March 20, 2008 letter, more than two weeks following the CMC.

On or about March 26, 2008, you telephoned Ms. Dal Cielo and informed her that you had received her March 20, 2008 letter, and that we would receive Mr. Allieu's initial disclosures by Friday, March 28, 2008. However, as of today, we still have not received any initial disclosures from Mr. Allieu.

As you should know, failure to exchange initial disclosures may subject Mr. Allieu to sanctions including, but not limited to, evidence preclusion, monetary sanctions, and jury instructions. *See,* FRCP 37. By this letter, therefore, we request that you provide Mr. Allieu's initial disclosures by Monday, April 14, 2008.

Thank you for your prompt attention to this important matter.

Sincerely,

Suzanne R. Nestor

Firmwide:84810213.1 049145.1005

ALABAMA
ARIZONA
ARKANSAS
CALIFORNIA
COLORADO
CONNECTICUT
DISTRICT OF COLUMBIA
FLORIDA
GEORGIA
ILLINOIS
INDIANA
MASSACHUSETTS
MINNESOTA
MISSOURI
NEVADA
NEW JERSEY
NEW YORK
NORTH CAROLINA
OHIO
OREGON
PENNSYLVANIA
RHODE ISLAND
SOUTH CAROLINA
TEXAS
VIRGINIA
WASHINGTON

# Confirmation Report – Memory Send

Page        : 001
Date & Time: 04-07-08   14:43
Line 1      : 408 920 9753
Line 2      :
Machine ID : LITTLER MENDELSON

| | | |
|---|---|---|
| Job number | : | 705 |
| Date | : | 04-07  14:41 |
| To | : | ☎16509647293 |
| Number of pages | : | 001 |
| Start time | : | 04-07  14:41 |
| End time | : | 04-07  14:43 |
| Pages sent | : | 001 |
| Status | : | OK |

Job number    : 705                    *** SEND SUCCESSFUL ***

## LITTLER MENDELSON ®
A PROFESSIONAL CORPORATION

April 7, 2008

Suzanne R. Nestor
Phone: 408.998.4150
Fax: 408.288.5686
snestor@littler.com

**VIA MAIL AND FACSIMILE (650) 964-7293**

Frank E. Mayo, Esq.
Law Office of Frank E. Mayo
5050 El Camino Real, Suite 228
Los Altos, CA  94022

Re:    *Allieu v. DISH Network California Service Corporation*

Dear Mr. Mayo:

This follows Ms. Dal Cielo's March 20, 2008 letter to you regarding Mr. Allieu's initial disclosures. As mentioned in Ms. Dal Cielo's letter, pursuant to Federal Rule of Civil Procedure 26 Mr. Allieu's initial disclosures were due no later than February 19, 2008. Mr. Allieu's case management statement, filed on February 19, 2008, acknowledged that no initial disclosures had been made, but instead stated that "they shall be made prior to the Case Management Conference." Despite that declaration, Mr. Allieu had not served any initial disclosures as of Ms. Dal Cielo's March 20, 2008 letter, more than two weeks following the CMC.

On or about March 26, 2008, you telephoned Ms. Dal Cielo and informed her that you had received her March 20, 2008 letter, and that we would receive Mr. Allieu's initial disclosures by Friday, March 28, 2008. However, as of today, we still have not received any initial disclosures from Mr. Allieu.

As you should know, failure to exchange initial disclosures may subject Mr. Allieu to sanctions including, but not limited to, evidence preclusion, monetary sanctions, and jury instructions. *See,* FRCP 37. By this letter, therefore, we request that you provide Mr. Allieu's initial disclosures by Monday, April 14, 2008.

Thank you for your prompt attention to this important matter.

Sincerely,

Suzanne R. Nestor

Firmwide:84810273.1 049145.1005

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM ™
50 West San Fernando Street, 15th Floor, San Jose, California 95113 Tel: 408.998.4150 Fax: 408.288.5686 www.littler.com

ALABAMA
ARIZONA
ARKANSAS
CALIFORNIA
COLORADO
CONNECTICUT
FLORIDA
GEORGIA
ILLINOIS
INDIANA
MASSACHUSETTS
MINNESOTA
MISSOURI
NEVADA
NEW JERSEY
NEW YORK
NORTH CAROLINA
OHIO
OREGON
PENNSYLVANIA
RHODE ISLAND
SOUTH CAROLINA
TEXAS
VIRGINIA
WASHINGTON

**EXHIBIT "J"**



**LITTLER MENDELSON®**

A PROFESSIONAL CORPORATION

April 22, 2008

Suzanne R. Nestor
Phone: 408.998.4150
Fax: 408.288.5686
snestor@littler.com

**VIA FACSIMILE (650) 964-7293**
**AND U.S. POSTAL SERVICE**

Frank E. Mayo, Esq.
Law Office of Frank E. Mayo
5050 El Camino Real, Suite 228
Los Altos, CA 94022

Re:    *Allieu v. DISH Network California Service Corporation*

Dear Mr. Mayo:

This follows our March 20, 2008 and April 7, 2008 letters to you regarding Mr. Allieu's initial disclosures. As mentioned in those letters, pursuant to Federal Rule of Civil Procedure 26, Mr. Allieu's initial disclosures were due no later than February 19, 2008. Mr. Allieu's case management statement, filed on February 19, 2008, acknowledged that no initial disclosures had been made, but instead stated that "they shall be made prior to the Case Management Conference." Despite that declaration, Mr. Allieu had not served any initial disclosures as of Ms. Dal Cielo's March 20, 2008 letter, more than two weeks following the CMC.

On or about March 26, 2008, you telephoned Ms. Dal Cielo and informed her that you had received her March 20, 2008 letter, and that we would receive Mr. Allieu's initial disclosures by Friday, March 28, 2008. However, you did not provide the initial disclosures at that time. On April 7, 2008, we again wrote to you demanding Mr. Allieu's initial disclosures. As of today, however, we still have not received either a response to the April 7, 2008 letter, or any initial disclosures from Mr. Allieu.

As you should know, failure to exchange initial disclosures may subject Mr. Allieu to sanctions including, but not limited to, evidence preclusion, monetary sanctions, and jury instructions. *See*, FRCP 37. By this letter, therefore, we request that you provide Mr. Allieu's initial disclosures by Monday, April 28, 2008. If you do not produce the initial disclosures by that date, we will have no choice but to file a motion seeking appropriate sanctions.

ALABAMA
ARIZONA
ARKANSAS
CALIFORNIA
COLORADO
CONNECTICUT
DISTRICT OF COLUMBIA
FLORIDA
GEORGIA
ILLINOIS
INDIANA
MASSACHUSETTS
MINNESOTA
MISSOURI
NEVADA
NEW JERSEY
NEW YORK
NORTH CAROLINA
OHIO
OREGON
PENNSYLVANIA
RHODE ISLAND
SOUTH CAROLINA
TEXAS
VIRGINIA
WASHINGTON

Frank Mayo, Esq.
April 22, 2008
Page 2


Thank you for your prompt attention to this important matter.

Sincerely,

Suzanne R. Nestor


Firmwide:85001452.1 049145.1005

# Confirmation Report — Memory Send

Page          : 001
Date & Time: 04-22-08   11:33
Line 1       : 408 920 9753
Line 2       :
Machine ID : LITTLER MENDELSON

| | | |
|---|---|---|
| Job number | : | 955 |
| Date | : | 04-22  11:32 |
| To | : | ☎16509647293 |
| Number of pages | : | 003 |
| Start time | : | 04-22  11:32 |
| End time | : | 04-22  11:33 |
| Pages sent | : | 003 |
| Status | : | OK |

Job number    : 955              **\*\*\* SEND SUCCESSFUL \*\*\***

## LITTLER MENDELSON®

A PROFESSIONAL CORPORATION

### FACSIMILE COVER SHEET

April 22, 2008

To:  Frank E. Mayo              Fax:   650.964.7293     Phone:   650.964.8901
     Law Office of Frank E. Mayo

Fax #(s) verified before sending (initial):
From:   Sandy Joyner            Fax:   (408) 288-5686    Phone:   (408) 998-4150
Length, including this cover letter:   3     Pages
If you do not receive all pages, please call Sender's Phone Number.

This is the only copy sent to you unless one of the following is checked.
☒ Original sent by regular mail.      ☐ Original sent by overnight service.
☐ Original will be hand-delivered.

Message:  Re: *Allieu v. DISH Network California Service Corporation*

Attached is a copy of Ms. Nestor's letter dated April 22, 2008 to Mr. Mayo.

CONFIDENTIALITY — The information contained in this fax message is intended only for the personal and confidential use of the designated recipient(s) named above. This message is a communication from attorneys or their agents relating to pending legal matters and, as such, is intended to be privileged and/or confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by telephone and return the original message to us by mail. Thank you.

Transmittal Completed: _____ am / pm    Client Code:   049145.1005    User Number:   8326

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM™
50 West San Fernando Street, 15th Floor, San Jose, CA  95113.2303  Tel: 408.998.4150  Fax: 408.288.5686, www.littler.com

# EXHIBIT "K"



June 25, 2008

Suzanne R. Nestor
Phone: 408.998.4150
Fax: 408.288.5686
snestor@littler.com

**VIA FACSIMILE (650) 964-7293
AND U.S. POSTAL SERVICE**

Frank E. Mayo, Esq.
Law Office of Frank E. Mayo
5050 El Camino Real, Suite 228
Los Altos, CA  94022

   Re:    *Allieu v. DISH Network California Service Corporation*

Dear Mr. Mayo:

This follows our March 20, 2008, April 7, 2008, and April 22, 2008 letters to you regarding Mr. Allieu's initial disclosures. As mentioned in those letters, pursuant to Federal Rule of Civil Procedure 26, Mr. Allieu's initial disclosures were due no later than February 19, 2008. Despite your written and verbal representations that you would serve Mr. Allieu's initial disclosures, we still have yet to receive them. As you should know, failure to exchange initial disclosures may subject Mr. Allieu to sanctions including, but not limited to, evidence preclusion, monetary sanctions, and jury instructions. *See* FRCP 37.

This letter is also to meet and confer with you regarding Mr. Allieu's failure to respond to written discovery. As you know, on May 2, 2008, we served Mr. Allieu with Defendant DISH Network California Service Corporation's Request for Production of Documents to Plaintiff John Allieu, Set One, and Special Interrogatories to Plaintiff John Allieu, Set One. The responses to those discovery requests were due no later than June 4, 2008. However, as of the date of this letter, we will have not received any responses to the discovery from Mr. Allieu, and have likewise not received any request to extend his time to respond prior to the passing of that date. As such, Mr. Allieu has waived any and all objections. *See Richmark Corp. v. Timber Falling Consultants* (9th Cir. 1992) 959 F.2d 1468, 1473 (failing to respond to a Rule 34 request within the time permitted waives all objections thereto—including claims of privilege and work product); *see also* FRCP 33(b)(4); *Davis v. Fendler* (9th Cir. 1981) 650 F.2d 1154, 1160 (absent extension or good cause, failure to timely respond to interrogatories generally constitutes a waiver of any objections thereto).

ALABAMA

ARIZONA

ARKANSAS

CALIFORNIA

COLORADO

CONNECTICUT

DISTRICT OF
COLUMBIA

FLORIDA

GEORGIA

ILLINOIS

INDIANA

MASSACHUSETTS

MINNESOTA

MISSOURI

NEVADA

NEW JERSEY

NEW YORK

NORTH CAROLINA

OHIO

OREGON

PENNSYLVANIA

RHODE ISLAND

SOUTH CAROLINA

TEXAS

VIRGINIA

WASHINGTON

Frank Mayo, Esq.
June 25, 2008
Page 2

By this letter, therefore, we request that you provide Mr. Allieu's initial disclosures and responses to the outstanding discovery no later than Monday, July 7, 2008. If you do not produce the initial disclosures and discovery responses, without objections, by that date, we will have no choice but to file a motion seeking appropriate sanctions. Thank you for your prompt attention to these important matters.

Regards,

/Suzanne R. Nestor

Firmwide:85661302.1 049145.1005
6/24/08

# Confirmation Report – Memory Send

```
Page       : 001
Date & Time: 06-25-08   15:21
Line 1     : 408 920 9753
Line 2     :
Machine ID : LITTLER MENDELSON
```

| | | |
|---|---|---|
| Job number | : | 929 |
| Date | : | 06-25   15:19 |
| To | : | ☎16509647293 |
| Number of pages | : | 002 |
| Start time | : | 06-25   15:19 |
| End time | : | 06-25   15:21 |
| Pages sent | : | 002 |
| Status | : | OK |

Job number    : 929            **\*\*\* SEND SUCCESSFUL \*\*\***

## LITTLER MENDELSON

50 West San Fernando Street, 14th Floor
San Jose, California 95113
(408) 998-4150
(408) 288-5686 (FAX)

### FACSIMILE COVER LETTER

Date: _JUNE 25, 2008_

☐    CALL ADDRESSEE OR ADDRESSEE'S AUTHORIZED PERSONAL REPRESENTATIVE
     BEFORE TRANSMITTING
     ATTORNEY/CLIENT PRIVILEGED

To:          _FRANK E. MAYO_
Company:     _L.O. OF FRANK E. MAYO_
Fax No.:     _650-964-7293_    Phone #: _____
                                                    Fax # verified before
                                                    sending (initial)
From:        _NEDA N. DAL CIELO_
Ext. or Voice Phone No.:    (408) 998-4150

Length, including this cover letter: _1_ Pages.
If you do not receive all pages, please call (408) 998-4150.

THIS IS THE ONLY COPY SENT TO YOU UNLESS ONE OF THE FOLLOWING IS CHECKED.
☐    ORIGINAL SENT BY REGULAR MAIL.
☐    ORIGINAL SENT BY FEDERAL EXPRESS OR OTHER OVERNIGHT SERVICE.
☐    ORIGINAL WILL BE HAND-DELIVERED.

Note of Documents Attached/Message:

CONFIDENTIALITY – The information contained in this fax message is intended only for the personal and confidential use of the designated recipient(s) named above. This message is a communication from attorneys or their agents relating to pending legal matters and, as such, is intended to be privileged and/or confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by mail. Thank you.

Transmittal completed _____  ._____  a.m./p.m.    Client Code: _____
Dated: _____  By: _____

**EXHIBIT "L"**

1  NEDA N. DAL CIELO, Bar No. 161982
   ndalcielo@littler.com
2  SUZANNE R. NESTOR, Bar No. 217984
   snestor@littler.com
3  LITTLER MENDELSON
   A Professional Corporation
4  50 West San Fernando Street, 15th Floor
   San Jose, CA 95113.2303
5  Telephone:    408.998.4150

6  Attorneys for Defendant
   DISH NETWORK CALIFORNIA SERVICE CORPORATION,
7  A Colorado Corporation, (sued erroneously herein as
   "ECHOSTAR, DBA DISH NETWORK)

8

9                    UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                          SAN JOSE DIVISION

12

13  JOHN ALLIEU,                          Case No. C 07-05609 JW

14              Plaintiff,                **DEFENDANT DISH NETWORK
                                          CALIFORNIA SERVICE
15       v.                               CORPORATION'S REQUEST FOR
                                          PRODUCTION OF DOCUMENTS TO
16  ECHOSTAR dba DISH NETWORK A           PLAINTIFF, JOHN ALLIEU, SET ONE**
    Colorado Corporation, and DOES 1
17  through 50, inclusive,

18              Defendants.

19

20  **PROPOUNDING PARTY:**        **DEFENDANT    DISH    NETWORK    CALIFORNIA
                                  SERVICE CORPORATION**
21

22  **RESPONDING PARTY:**         **PLAINTIFF JOHN ALLIEU**

23  **SET NUMBER:**               **ONE**

24       **TO:   PLAINTIFF JOHN ALLIEU AND HIS ATTORNEY OF RECORD, FRANK**

25  **MAYO:**

26       Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Dish Network

27  California Service Corporation, erroneously sued herein as "Echostar dba DISH Network," hereby

28  requests that you produce all writings which are responsive to any of the following numbered

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150
DEFT. DISH NETWORK'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS TO PLAINTIFF
ALLIEU
                                          Case No. C 07-05609 JW

1  demands within thirty days of the date of service of this demand, and respond in writing to this

2  demand for production within the same period.

3                                    **Privilege Claims**

4          If you withhold any documents or tangible items under a claim of privilege, please

5  describe the nature of the documents, communications, or things not produced or disclosed as

6  required by Rule 26(d)(5) of the Federal Rules of Civil Procedure.

7  **REQUEST FOR PRODUCTION NO. 1:**

8          Any and all DOCUMENTS ("document(s)" as used herein shall have the meaning given to

9  and shall include all items defined as "writings" in Rule 1001 of the Federal Rules of Evidence,

10  and shall include the "original" and any "duplicate(s)" thereof as those terms are defined in Rule

11  1001) representing or relating to any communications or correspondence Plaintiff has had with any

12  current or former employees of Defendant, including but not limited to letters, emails and notations

13  reflecting telephone calls made or received by Plaintiff.

14  **REQUEST FOR PRODUCTION NO. 2:**

15          Any and all DOCUMENTS relating in any way to any communication between Plaintiff or

16  anyone acting on Plaintiff's behalf and any state or federal governmental agency, including but not

17  limited to the Department of Fair Employment and Housing and/or the Equal Employment

18  Opportunity Commission.

19  **REQUEST FOR PRODUCTION NO. 3:**

20          Any and all DOCUMENTS which in any way relate to or consist of notes, memoranda,

21  diaries or calendars maintained by Plaintiff from June 2002 through the present, relating in any

22  way to Plaintiff's employment and/or the allegations contained in Plaintiffs' Complaint.

23  **REQUEST FOR PRODUCTION NO. 4:**

24          Any and all DOCUMENTS supporting or relating to Plaintiff's allegation that "on or about

25  August 18, 2002 ... Plaintiff and Defendant entered into an oral employment agreement whereby

26  Defendant Echo Star Corporation agreed to employ Plaintiff as a Field Service Technician and to

27  pay him reasonable compensation for services she [sic] would render at Defendant's facility in

28  Santa Clara County and in consideration for this Plaintiff agreed to work no less than 40 hours per

ITTLER MENDELSON
Professional Corporation
) West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

DEFT. DISH NETWORK'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS TO PLAINTIFF          2.
ALLIEU                                                          Case No. C 07-05609 JW

1   week for the compensation he was to be paid," as set forth in paragraph 5 of Plaintiff's complaint.

2   **REQUEST FOR PRODUCTION NO. 5:**

3       Any and all DOCUMENTS supporting or relating to Plaintiff's contention that "the

4   termination of Plaintiff's employment on July 20, 2007 was in violation of the public policy," as

5   more specifically set forth in paragraph 7 of Plaintiff's complaint.

6   **REQUEST FOR PRODUCTION NO. 6 :**

7       Any and all DOCUMENTS supporting or relating to Plaintiff's contention that "the

8   termination of Plaintiff's employment on July 20, 2007 was ... in violation of California Labor

9   Code section 132a," as more specifically set forth in paragraph 7 of Plaintiff's complaint.

10   **REQUEST FOR PRODUCTION NO. 7:**

11       Any and all DOCUMENTS supporting or relating to Plaintiff's contention that "the

12   termination of Plaintiff's employment on July 20, 2007 ... was in retaliation and constituted

13   discrimination for Plaintiff's having asserted his rights under the Worker Compensation laws of the

14   State of California," as more specifically set forth in paragraph 7 of Plaintiff's complaint.

15   **REQUEST FOR PRODUCTION NO. 8:**

16       Any and all DOCUMENTS relating in any way to any workers' compensation injury

17   Plaintiff alleges he suffering during his employment with Defendant.

18   **REQUEST FOR PRODUCTION NO. 9:**

19       Any and all DOCUMENTS supporting or relating to Plaintiff's contention that he

20   "assert[ed] his rights under the Workers Compensation laws of the State of California," at any time

21   during his employment.

22   **REQUEST FOR PRODUCTION NO. 10:**

23       Any and all DOCUMENTS supporting or relating to Plaintiff's contention that "in response

24   to Plaintiff's report of work injury and assertion of his rights under California's Workers

25   Compensation Law, Defendant discriminated and retaliated against Plaintiff because of his

26   assertion of his rights by terminating Plaintiff on July 20, 2007," as more specifically set forth in

27   paragraph 9 of Plaintiff's complaint.

28   / / /

.ITTLER MENDELSON
A Professional Corporation
0 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

DEFT. DISH NETWORK'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS TO PLAINTIFF
ALLIEU

3.

Case No.  C 07-05609 JW

1    **REQUEST FOR PRODUCTION NO. 11:**

2    Any and all DOCUMENTS supporting or relating to Plaintiff's contention that "the

3    termination of Plaintiff's employment caused and will continue to cause Plaintiff loss of wages,

4    salary, earnings and other economic benefits of his employment until Plaintiff obtains another

5    position of comparable pay," as more specifically set forth in paragraph 10 of Plaintiff's complaint.

6    **REQUEST FOR PRODUCTION NO. 12:**

7    Any and all DOCUMENTS relating in any way to any attempts by Plaintiff to seek new

8    employment after leaving Defendant's employ, including but not limited to: resumes, applications

9    for employment, letters to potential employers seeking employment, employment listings,

10   newspapers clippings of employment advertisements, employment referral membership

11   applications, and letters from potential or actual employers in reply to any inquiry from Plaintiff

12   concerning employment.

13   **REQUEST FOR PRODUCTION NO. 13:**

14   Any and all DOCUMENTS relating in any way to any income received by Plaintiff from

15   any source other than Defendant from July 2007 to the present, including but not limited to pay

16   check receipts and other records of income.

17   **REQUEST FOR PRODUCTION NO. 14:**

18   Any and all DOCUMENTS relating in any way to the loss of wages, salary, benefits,

19   attorneys fees, or other alleged financial losses claimed by Plaintiff.

20   **REQUEST FOR PRODUCTION NO. 15:**

21   Any and all DOCUMENTS supporting or relating to Plaintiff's contention that "as a further

22   proximate result of Defendant's [alleged] discriminatory conduct...Plaintiff has been harmed in that

23   she [sic] has suffered intangible loss of related employment benefits," as more specifically set forth

24   in paragraph 11 of Plaintiff's complaint.

25   **REQUEST FOR PRODUCTION NO. 16:**

26   Any and all DOCUMENTS supporting or relating to Plaintiff's contention that "as a further

27   proximate result of Defendant's [alleged] conduct ... Plaintiff has suffered severe humiliation,

28   anguish, emotional distress," as more specifically set forth in paragraph 12 of Plaintiff's complaint.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408.998.4150

DEFT. DISH NETWORK'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS TO PLAINTIFF          4.
ALLIEU

Case No.  C 07-05609 JW

1  **REQUEST FOR PRODUCTION NO. 17:**

2      Any and all DOCUMENTS supporting or relating to Plaintiff's contention that "the

3  [alleged] acts of Defendant in terminating Plaintiff's employment were willful, malicious,

4  oppressive and in conscious disregard of his rights warranting the assessment of exemplary

5  damages," as more specifically set forth in paragraph 13 of Plaintiff's complaint.

6  **REQUEST FOR PRODUCTION NO. 18:**

7      Any and all DOCUMENTS relating in any way to Plaintiff's allegation that he was

8  retaliated against, as alleged in Plaintiff's complaint.

9  **REQUEST FOR PRODUCTION NO. 19:**

10      Any and all DOCUMENTS relating to each and every individual Plaintiff or anyone acting

11  on Plaintiff's behalf has contacted and/or interviewed concerning Plaintiff's employment with

12  Defendant.

13  **REQUEST FOR PRODUCTION NO. 20:**

14      Any and all DOCUMENTS Plaintiff received from Defendant between June 2002 and the

15  present.

16  **REQUEST FOR PRODUCTION NO. 21:**

17      Any and all DOCUMENTS supporting or referring to any charges, claims or complaints of

18  harassment, discrimination, retaliation or wrongful termination filed by Plaintiff against any

19  employer other than the Defendant in the instant action, within the last ten (10) years.

20  **REQUEST FOR PRODUCTION NO. 22:**

21      Any and all DOCUMENTS supporting or relating to Plaintiff's physical, psychiatric,

22  mental or emotional condition.

23  **REQUEST FOR PRODUCTION NO. 23:**

24      Any and all DOCUMENTS supporting or relating to any claims for unemployment

25  compensation filed or submitted by Plaintiff.

26  **REQUEST FOR PRODUCTION NO. 24:**

27      Any and all DOCUMENTS relating to any treatment received by Plaintiff for any injury

28  Plaintiff contends he suffered during his employment with Defendant, including but not limited to

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

DEFT. DISH NETWORK'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS TO PLAINTIFF
ALLIEU

5.

Case No. C 07-05609 JW

1  any medical records.

2  **REQUEST FOR PRODUCTION NO. 25:**

3        Any and all DOCUMENTS relating to any discipline Plaintiff received in connection with

4  his employment with Defendant, between June 2002 and the present.

5  **REQUEST FOR PRODUCTION NO. 26:**

6        Any and all DOCUMENTS consisting of witness statements relating in any way to the

7  allegations in Plaintiff's complaint.

8

9  Dated: May 2, 2008

10                                              NEDA N. DAL CIELO
                                                SUZANNE R. NESTOR
11                                              LITTLER MENDELSON
                                                A Professional Corporation
12                                              Attorneys for Defendant
                                                DISH NETWORK CALIFORNIA SERVICE
13                                              CORPORATION, A Colorado Corporation,
                                                (sued erroneously herein as "ECHOSTAR,
14                                              DBA DISH NETWORK)

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
Professional Corporation
) West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

DEFT. DISH NETWORK'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS TO PLAINTIFF
ALLIEU

6.                                      Case No.  C 07-05609 JW

1

**PROOF OF SERVICE**

2      I am a resident of the State of California, over the age of eighteen years, and not a

3  party to the within action. My business address is 50 West San Fernando Street, 14th Floor, San

4  Jose, California 95113.2303. On May 2, 2008, I served the within document(s):

5      **DEFENDANT'S, REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF, JOHN ALLIEU, SET ONE**

6

7  ☐  by facsimile transmission at or about _____ on that date. This document
       was transmitted by using a facsimile machine that complies with California Rules
8      of Court Rule 2003(3), telephone number 408.288.5686. The transmission was
       reported as complete and without error. A copy of the transmission report, properly
9      issued by the transmitting machine, is attached. The names and facsimile numbers
       of the person(s) served are as set forth below.

10 ☒  by placing a true copy of the document(s) listed above for collection and mailing
       following the firm's ordinary business practice in a sealed envelope with postage
11     thereon fully prepaid for deposit in the United States mail at San Jose, California
       addressed as set forth below.
12

13 ☐  by depositing a true copy of the same enclosed in a sealed envelope, with delivery
       fees provided for, in an overnight delivery service pick up box or office designated
14     for overnight delivery, and addressed as set forth below.

15 ☐  by personally delivering a copy of the document(s) listed above to the person(s) at
       the address(es) set forth below.
16

17  Frank E. Mayo
    Law Office of Frank E. Mayo
18  5050 El Camino Real, Suite 228
    Los Altos, CA  94022

19

20      I am readily familiar with the firm's practice of collection and processing

21  correspondence for mailing and for shipping via overnight delivery service.  Under that practice it

22  would be deposited with the U.S. Postal Service or if an overnight delivery service shipment,

23  deposited in an overnight delivery service pick-up box or office on the same day with postage or fees

24  thereon fully prepaid in the ordinary course of business.

25      I declare that I am employed in the office of a member of the bar of this court at

26  whose direction the service was made. Executed on May 2, 2008, at San Jose, California.

27
                                            _Suzanne Barnes_
28                                          Suzanne Barnes

ITTLER MENDELSON
DEFT. DISH NETWORK'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS TO PLAINTIFF          7.          Case No.  C 07-05609 JW
ALLIEU

# EXHIBIT "M"

1   NEDA N. DAL CIELO, Bar No. 161982
    ndalcielo@littler.com
2   SUZANNE R. NESTOR, Bar No. 217984
    snestor@littler.com
3   LITTLER MENDELSON
    A Professional Corporation
4   50 West San Fernando Street, 15th Floor
    San Jose, CA 95113.2303
5   Telephone:     408.998.4150

6   Attorneys for Defendant
    DISH NETWORK CALIFORNIA SERVICE CORPORATION,
7   A Colorado Corporation, (sued erroneously herein as
    "ECHOSTAR, DBA DISH NETWORK)
8

9                    UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                         SAN JOSE DIVISION

12

13  JOHN ALLIEU,                          Case No. C 07-05609 JW

14            Plaintiff,                  **DEFENDANT DISH NETWORK
                                          CALIFORNIA SERVICE
15      v.                                CORPORATION'S SPECIAL
                                          INTERROGATORIES TO PLAINTIFF,**
16  ECHOSTAR dba DISH NETWORK A           **JOHN ALLIEU, SET ONE**
    Colorado Corporation, and DOES 1
17  through 50, inclusive,

18            Defendants.

19

20  **PROPOUNDING PARTY:**      **DEFENDANT     DISH     NETWORK     CALIFORNIA
                                 SERVICE CORPORATION**
21

22  **RESPONDING PARTY:**       **PLAINTIFF JOHN ALLIEU**

23  **SET NUMBER:**             **ONE**

24      **TO:    PLAINTIFF JOHN ALLIEU AND HIS ATTORNEY OF RECORD, FRANK**

25  **MAYO:**

26      Pursuant to Federal Rule of Civil Procedure 33, Defendant Dish Network California

27  Service Corporation, erroneously sued herein as "Echostar dba DISH Network," submits the

28  following written interrogatories to Plaintiff John Allieu:

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

DEFENDANT'S SPECIAL INTERROGATORIES
TO PLAINTIFF ALLIEU                                    Case No. C 07-05609 JW

1    **SPECIAL INTERROGATORY NO. 1:**

2         IDENTIFY ("IDENTIFY" as used herein shall mean to state the full name, address and

3    telephone number, except as otherwise defined within these interrogatories) all counselors,

4    therapists, psychologists, psychiatrists, social workers, or doctors of any kind from whom you have

5    received any care or treatment from January 1, 2002 to the present.

6    **SPECIAL INTERROGATORY NO. 2:**

7         What industrial injury(ies) do you contend that you suffered while employed with

8    Defendant?

9    **SPECIAL INTERROGATORY NO. 3:**

10        What industrial injury do you contend Defendant retaliated against you for reporting?

11   **SPECIAL INTERROGATORY NO. 4:**

12        What actions do you contend Defendant took against you in retaliation for reporting an

13   industrial injury?

14   **SPECIAL INTERROGATORY NO. 5:**

15        DESCRIBE ("DESCRIBE" as used herein shall mean to give the date, location, time,

16   participants, and substance) all, if any, adverse employment actions on which you base your claim

17   or claims of retaliation.

18   **SPECIAL INTERROGATORY NO. 6:**

19        DESCRIBE all, if any, protected activities you contend you were retaliated against for

20   engaging in.

21   **SPECIAL INTERROGATORY NO. 7:**

22        Have you, at any time, been released to work by your medical care provider(s)?

23   **SPECIAL INTERROGATORY NO. 8:**

24        If your answer to Interrogatory No. 7 is yes, identify all, if any, restrictions placed on your

25   return to work by your medical care provider(s).

26   **SPECIAL INTERROGATORY NO. 9:**

27        If your answer to Special Interrogatory No. 7 is yes, IDENTIFY each and every medical

28   provider(s) who has/have released you to return to work.

ITTLER MENDELSON
Professional Corporation
I West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998 4150

DEFENDANT'S SPECIAL INTERROGATORIES
TO PLAINTIFF ALLIEU                          2.                    Case No.  C 07-05609 JW

1    **SPECIAL INTERROGATORY NO. 10:**

2        If your answer to Special Interrogatory No. 7 is yes, state the date or dates you were

3    returned to work by your medical care provider(s).

4    **SPECIAL INTERROGATORY NO. 11:**

5        DESCRIBE all adverse employment actions on which you base your claim or claims of

6    discrimination.

7    **SPECIAL INTERROGATORY NO. 12:**

8        DESCRIBE all adverse employment actions on which you base your claims of violation of

9    the California Labor Code section 132a.

10   **SPECIAL INTERROGATORY NO. 13:**

11       IDENTIFY all persons whom you contend have knowledge of or information relating to the

12   allegations in your complaint.

13   **SPECIAL INTERROGATORY NO. 14:**

14       IDENTIFY all persons whom you contend were wrongfully terminated by Defendant for

15   the same or similar reasons as alleged by you in your Complaint.

16

17   Dated: May 2, 2008

18                                  NEDA N. DAL CIELO
                                    SUZANNE R. NESTOR
19                                  LITTLER MENDELSON
                                    Attorneys for Defendant
20                                  DISH NETWORK CALIFORNIA SERVICE
                                    CORPORATION, A Colorado Corporation,
21                                  (sued erroneously herein as "ECHOSTAR,
                                    DBA DISH NETWORK)
22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113-2303
408 998 4150

DEFENDANT'S SPECIAL INTERROGATORIES          3.          Case No.  C 07-05609 JW
TO PLAINTIFF ALLIEU

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 50 West San Fernando Street, 15th Floor, San Jose, California 95113.2303. On May 2, 2008, I served the within document(s):

**DEFENDANTS BANK OF THE WEST'S, SPECIAL INTERROGATORIES TO PLAINTIFF, JOHN ALLIEU, SET ONE**

☐     by facsimile transmission at or about _____ on that date. This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number 408.288.5686. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

☒     by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at San Jose, California addressed as set forth below.

☐     by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐     by personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

Frank E. Mayo
Law Office of Frank E. Mayo
5050 El Camino Real, Suite 228
Los Altos, CA 94022

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on May 2, 2008, at San Jose, California.

*Suzanne Barnes*
Suzanne Barnes

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

DEFENDANT'S SPECIAL INTERROGATORIES
TO PLAINTIFF ALLIEU     4.     Case No. C 07-05609 JW