NEDA N. DAL CIELO, Bar No. 161982
ndalcielo@littler.com
SUZANNE R. NESTOR, Bar No. 217984
snestor@littler.com
LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street, 15th Floor
San Jose, CA  95113.2303
Telephone:  408.998.4150
Facsimile:  408.288-5686

Attorneys for Defendant
DISH NETWORK CALIFORNIA SERVICE CORPORATION, A Colorado Corporation, (sued erroneously herein as "ECHOSTAR, DBA DISH NETWORK)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN ALLIEU,<br><br>Plaintiff,<br><br>v.<br><br>ECHOSTAR dba DISH NETWORK A Colorado Corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. C 07-05609 JW<br><br>**DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES TO PLAINTIFF'S FAILURE TO OPPOSE DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAY JUDICIAL PROCEEDINGS**<br><br>Date:  August 18, 2008<br>Time:  9:00 a.m.<br>Judge:  The Honorable James A. Ware<br>Dept:  Courtroom 8, 4th Floor |

I.  **INTRODUCTION AND ARGUMENT**

On Monday, July 14, 2008, Defendant DISH NETWORK CALIFORNIA SERVICE CORPORATION, A Colorado Corporation, (sued erroneously herein as "ECHOSTAR, DBA DISH NETWORK) filed and served, by and through the United States District Court's Electronic Case Filing system, upon Frank C. Mayo, counsel for Plaintiff, John Allieu, Defendant's Notice of Motion and Motion to Compel Service of Initial Disclosures, Responses to Requests for Production of Documents, Responses to Interrogatories, and for Sanctions, and supporting documentation. Pursuant to Local Rule 7-3(a), Plaintiff's Opposition was due no later than Monday, July 28, 2008,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA  95113 2303
408 998 4150

Def's MPA in Reply to Plf's Failure to Oppose
Def's Mtn to Compel & for Sanctions

Case No. C 07-05609 JW

and a hearing was set for August 18, 2008.

As of the filing of this brief, Plaintiff has failed to file any Opposition to Defendant's motion to compel or a Statement of Non-Opposition, as required by Local Rule 7-3(b). Instead, in what appears to be an attempt to avoid sanctions, Plaintiff served written responses to Defendant's Special Interrogatories and Requests for Production, as well as his Initial Disclosures, on Wednesday, July 30, 2008.[1] However, failure to file opposition papers may be treated as a consent to granting the motion. *See, e.g.* CD CA Rule 7-12; SD CA Rule 7.1(f)(3); *see also Ghazali v. Moran* (9th Cir. 1995) 46 F3d 52, 53-54.

Moreover, his very belated attempt to comply with FRCP 26 and with Defendant's Rule 33 and 34 requests – *long after Defendant filed its motion* – does not excuse Plaintiff's failure to make any effort to provide initial disclosures or discovery responses until after Defendant was forced to file a motion to compel and requesting sanctions sanctions. As such, the Court should sanction Plaintiff for forcing Defendant to file this motion because Defendant made repeated attempts to obtain Plaintiff's cooperation, to no avail. FRCP 37(a)(5)(A) (a party who originally failed to provide information may provide it after a motion is filed; however, the court may still award reasonable expenses and attorney fees unless the moving party failed to make a good faith effort to meet and confer to obtain the disclosure).

Accordingly, Defendant renews its *unopposed* request for the Court to grant an Order compelling Plaintiff to serve documents responsive to Defendant's Request for Production, Set One. Defendant also renews its *unopposed* request for an order prohibiting Plaintiff from using any information that is or would be in his initial disclosures at a trial or a hearing on this case, and compelling Plaintiff to pay Defendant $4,620 in sanctions to cover Defendant's costs on this motion, for the reasons set forth in Defendant's Memorandum of Points and Authorities:

(A) Plaintiff has failed to comply with Federal Rule of Civil Procedure 26, which requires the parties to serve initial disclosures, despite Defendant's repeated requests until *after* Defendant was forced to file this motion;

---

[1] Although Plaintiff's responses state that he will produce documents, as of the filing of this reply, Defendant has not received any responsive documents from Plaintiff.

(B) Federal Rule of Civil Procedure 37(c)(1) mandates that a party be precluded from using evidence at a trial, at a hearing or on a motion, that he has failed to disclose to the other side, unless he establishes that his failure to comply with disclosure requirements was "substantially justified" or "harmless";

(C) Plaintiff has repeatedly failed to cooperate in the discovery process, to the substantial detriment and prejudice of Defendant and thus his failure to comply with the disclosure requirements is neither "harmless" nor "substantially justified";

(D) Although Plaintiff *finally* served written responses to Defendant's Special Interrogatories and Requests for Production *after* Defendant filed this motion, he still has not produced any responsive documents despite Defendant's attempt to meet and confer to obtain the discovery without court intervention; and

(E) Plaintiff has not and cannot offer any justification for his complete failure to comply with the rule 26 disclosure requirements or for failing to respond to Defendant's timely and reasonable Rule 33 and Rule 34 requests because he has waived his objections and not filed any motion for a protective order and thus should be sanctioned in the amount of $4,620.00 to cover Defendant's costs on this motion.

## II.   CONCLUSION

For the reasons set forth in Defendant's Memorandum of Points and Authorities and because Plaintiff has failed to file any Opposition or Statement of Non-Opposition, Defendant respectfully requests that the Court enter an order: compelling Plaintiff to serve documents responsive to Defendant's Request for Production, Set One; prohibiting Plaintiff from using any information that is or would be in his initial disclosures at a trial or a hearing on this case; and compelling Plaintiff to pay Defendant $4,620 in sanctions to cover Defendant's costs on this motion.

Dated: August 1, 2008

NEDA N. DAL CIELO
SUZANNE R. NESTOR
LITTLER MENDELSON, A Professional Corporation
Attorneys for Defendant
DISH NETWORK CALIFORNIA SERVICE CORP.

Firmwide:86044829.1 049145.1005

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

Def's MPA in Reply to Plf's Failure to Oppose
Def's Mtn to Compel & for Sanctions

3.

Case No. C 07-05609 JW